## TODD *v.* DANNER.

[No. 2,138. Filed April 8, 1897.]

INSTRUCTIONS.—*Incomplete Instructions.—Remedy.*—An objection to an instruction by the court on the ground that it does not contain a full statement of the law applicable to the case, can be made available only by the aggrieved party asking the court for additional instruction to supply the supposed omission in the one given. *p. 372.*

SAME.—*As to Preponderance of the Evidence.*—An instruction to the jury that a fact or facts necessary to a recovery must appear from the plaintiff's evidence, is not equivalent to instructing the jury that a fact or facts must be proved by a preponderance of the evidence, where there was evidence introduced both by plaintiff and defendant. *pp. 373, 374.*

SAME.—*Must be Predicated Upon all the Evidence.*—An instruction must be predicated upon all the evidence given in the case on the particular matter to which it is directed. *p. 374.*

SAME.—*All Construed Together.*—If the instructions given, all taken together, present the law correctly and are not calculated to mislead the jury, the judgment will not be reversed. *p. 375.*

From the Switzerland Circuit Court. *Reversed.*

*W. R. Johnston, Frank B. Shutts* and *Geo. S. Pleasants,* for appellant.

*F. M. Griffith* and *Vanosdol & Francisco,* for appellee.

ROBINSON, J.—Appellee seeks to recover damages for personal injuries sustained by reason of appellant's alleged negligence. Upon issue joined by the general denial, a verdict was returned by the jury in appellee's favor for $1,200.00 for which sum judgment was rendered over appellant's motion for a new trial.

The overruling of the motion for a new trial is the only error assigned.

The reasons for which a new trial was asked were that the verdict is not sustained by sufficient evidence and is contrary to law, and for error of the court in re-

fusing to give instructions one, two, three, five, six, seven, eight, and nine, requested by defendant. Counsel for appellant, in their brief, have argued only the court's refusal to give the instructions asked.

The complaint avers that, on the 1st day of June, 1893, the appellant was the owner of a large steer, which was of dangerous and vicious disposition, hooking and attacking men and animals; all of which the appellant at the time well knew; that without disclosing, or in any manner informing appellee of the dangerous and vicious disposition of said steer to attack and injure mankind and animals, and appellee being ignorant thereof, appellant placed the steer in appellee's care and with appellant's consent turned the steer at large in appellee's pasture with appellee's cows and horses and near to appellee's residence; that while the steer was in appellee's pasture, without notice or knowledge of his dangerous disposition, and without any fault or negligence on appellee's part, appellee was attacked by the steer and severely injured.

To entitle the appellee to a verdict, he must aver in his complaint and prove the negligence of the appellant, and his own freedom from any negligence which proximately contributed to the injury. A failure in either of these particulars will defeat his right to a recovery. These principles are so well settled that the citation of authorities is unnecessary. Appellant had the right to have the jury fully instructed on this subject, and the only question here is whether that was done.

No exception was taken to any of the instructions given by the court, and they cannot be considered by us, except in so far as they do or do not, as a whole, state the law of the case and fail to cover any par-

ticular branch of the case upon which an instruction was asked by appellant.

The court gave the jury instructions one and two, requested by appellee, as follows:

"1.  In order to charge the defendant with knowledge of the vicious propensities of the animal to attack mankind, it is not necessary that he have notice that the animal has frequently 'broken through the tameness of his nature' into acts of aggression on man, or upon animals in the dominion and ownership of man.  It is unnecessary to prove more than that the owner has good cause for supposing that the animal may so conduct itself.  And if the jury find from the evidence in this case that the animal in question before the injury complained of made a vicious lunge or attack upon Samuel Vaughn or Thomas Richtor, or either of them, in the presence of the defendant, then, upon such facts, if established, you would be authorized to find that the defendant had knowledge of the vicious propensities of said animal to attack mankind, although he may not have had knowledge of attacks of said animal upon other persons.

"2.  If you find the plaintiff is entitled to damages, in estimating the sum, you may take into consideration his occupation, habits of industry, health, and prospects of life at the time he received the injury, governed by ordinary human knowledge and experience, as to the age he would likely have remained capable of labor, also, the expenses incurred by him for medical attendance, nursing, loss of time, incapacity for labor, after the injury, and pain and suffering sustained by him consequent upon such injury, if, in your judgment the same is warranted by the evidence.  You should look to the nature and extent of the injury inflicted, whether temporary or permanent, the circumstances under which it was inflicted, and

then determine from the evidence what is just and proper under all the circumstances in evidence."

Also the following instruction requested by appellant:

"4. The want of ordinary care and prudence on the part of a person injured, contributing directly and approximately to the injury complained of, is contributory negligence."

The court of its own motion gave the following instructions:

"The complaint in this case is in two paragraphs. It is not claimed, however, that there were or are two separate causes of action. But the same cause of action is stated in somewhat different language. The defendant has filed as his answer the general denial which puts in issue the material allegations of the complaint. To recover on either paragraph of the complaint it must appear from the plaintiff's evidence, that the defendant owned the animal mentioned in the complaint, that such animal was vicious and dangerous as alleged, that the defendant had knowledge of the character of such animal and that the plaintiff did not know of such vicious character. It must also appear that the injury to the plaintiff did not result from his own contributory negligence. If you find for the plaintiff you will award him such damages as, judging from the evidence you may think he has sustained. If you find for the defendant you have only to say so in your verdict."

The instructions above set out are all the instructions given to the jury.

Appellant's counsel, at the proper time, requested that certain instructions be given, which request was refused and exceptions taken. It is shown by the bill of exceptions that it contains all the instructions given.

It is well settled that an objection to an instruction by the court on the ground that it does not contain a full statement of the law applicable to the case can be made available only by the aggrieved party asking the court for additional instruction to supply the supposed omissions in the one given, and if the court refuses to give such additional instruction it is the party's further duty to see that it is made a part of the record in one of the methods prescribed by law for that purpose. This was done by appellant.

It was necessary that the jury, before they could give appellee a verdict, must find that the appellant owned the animal mentioned in the complaint, that such animal was vicious and dangerous, that the appellant had knowledge of the character of the animal and that the appellee did not know of such vicious character.

Among the instructions requested by appellant and which the court refused to give, were the following:

"1.   In this case the burden of proof rests upon the plaintiff.

"2.   The plaintiff's alleged cause of action is set forth in his complaint, and before he can recover he must have proved by a fair preponderance of the evidence, all the material allegations of his complaint or enough of such material allegations to constitute a cause of action against the defendant.

"3.   The plaintiff has alleged in each paragraph of his complaint, among other things, that he received the injury complained of without fault or negligence on his part. This is a material and necessary allegation. Without such allegation his complaint would not have been sufficient to have constituted a cause of action and before the plaintiff can recover he must have proved by a fair preponderance of the evidence that he did receive said injuries, without fault or neg-

ligence on his part, directly and materially contributing to the injury. It is not enough to enable the plaintiff to recover that he shall have proved fault and negligence on the part of the defendant; he must also prove that he himself was free from such fault or negligence, and, if he has failed to prove by a fair preponderance of the evidence that he received the injury without such fault or negligence on his own part he cannot recover.

"5. The plaintiff has alleged in each paragraph of his complaint that the steer in question was of a dangerous and vicious disposition, in the habit of attacking mankind and animals. He has also alleged that the defendant knew of such dangerous and vicious disposition of said steer and that he, plaintiff, had no knowledge of such dangerous and vicious disposition. To entitle the plaintiff to recover he must have proved by a fair preponderance of the evidence not only that the steer was dangerous and vicious, but that the defendant knew that fact and the plaintiff was ignorant of it."

These instructions requested by appellant correctly state the law. Whether the animal in question had a vicious and dangerous disposition, which was known to the appellant and of which appellee was ignorant, were questions the jury must necessarily determine. These matters were to be determined, not from plaintiff's evidence, but by a fair preponderance of all the evidence in the case. It cannot be said that any meaning was intended in the court's instructions other than that which ordinarily attaches to the words used, or that the jury gave the language used other than its ordinary meaning. It cannot be presumed that the jury did not understand what the court told them. When the jury is told that a fact or facts necessary to a recovery must appear from the plaintiff's evidence,

it is not equivalent to telling the jury that a fact or facts must be proved by a preponderance of the evidence given in the case where, as in this case, there was evidence introduced by both plaintiff and defendant. Instructions one, two, three and five correctly state the law, are applicable to the evidence, are not covered by any instructions given by the court, and should have been given to the jury.

The seventh instruction requested by appellant is to the effect that whether plaintiff had knowledge of the dangerous disposition of the steer is a question of fact to be determined by all the evidence. It then tells the jury what facts, if they are facts, the jury shall consider in determining plaintiff's knowledge. The effect of the language used is to limit the jury to such facts as are enumerated in the instruction and it is not claimed that the facts enumerated are all the facts the jury should consider in determining that question. For this reason the instruction was objectionable and there was no error in refusing to give it. The same objection is applicable to the eighth instruction requested. It cannot be said that either of these instructions is predicated upon all the evidence given in the case on the particular matter to which each is directed, but the tendency of each is to restrict the consideration of the jury to isolated facts, which, by implication at least, exclude all other facts from the jury. The eighth instruction is open to the further objection that it invades the province of the jury. It in effect tells the jury that if they find from the evidence certain facts set out in the instruction then from the facts so found they shall find certain other fundamental facts which are set forth.

The sixth instruction requested by appellant could have no application to any question to be determined by the jury, unless it be the question of contributory

negligence, and upon that question it is incomplete and obscure and was properly refused. Nor do we think there was any error in refusing to give the ninth instruction asked for, conceding, without deciding, that it correctly states the law as applicable to the evidence, the substance of it is contained in other instructions given.

We are not unmindful of the rule that if the instructions given, all taken together, present the law correctly and are not calculated to mislead the jury, the judgment will not be reversed. But when the court refuses upon request to instruct the jury that certain essential elements in plaintiff's case must be shown by a fair preponderance of all the evidence and that the burden of proof rests upon the plaintiff, but does instruct the jury that these essential elements must appear from plaintiff's evidence; we cannot say that the instructions given present the law correctly, nor that they were not calculated to mislead the jury.

Judgment reversed with instructions to sustain the motion for a new trial.