## Voris *v.* Shotts et al.

[No. 2,513. Filed May 20, 1898.]

Bills and Notes.—*Principal and Surety.*—*Release of Surety by Extension of Time.*—In order to release the surety on a promissory note by reason of the extension of the time of the payment of the note, it is necessary that the extension should be for a definite period, that it should be for a valuable consideration; that it should be done without the consent of the surety and that the holder of the note should have knowledge of the fact that the person seeking the relief for such cause is surety. *p. 221.*

Instructions.—*Incomplete Instruction.*—An instruction which undertakes to set out the material facts necessary to be proved in order to maintain an action or defense must be correct and complete. *pp. 221-224.*

From the Montgomery Circuit Court. *Reversed.*

*M. W. Bruner* and *Crane & Anderson*, for appellant.

*Paul & Van Cleave*, for appellees.

Henley, J.—Appellant began this action in the lower court against the appellees upon a promissory note. Appellee Shotts filed his separate answer in two paragraphs. There was a judgment by default against appellee Petro, who was the principal maker of the note. The defense made by the answer of appellee Shotts is that he is the surety on the note sued

on; that appellant, the payee, and John E. Petro, the principal maker of the note, entered into an agreement for a valuable consideration, to extend the time for payment of the note for a definite period without the knowledge or consent of said appellee; and that appellant knew when such agreement was made that said appellee was a surety on the note. There was a trial by jury, which resulted in a verdict in favor of appellee Shotts, and a judgment in favor of said Shotts for his costs. Appellant filed a motion for a new trial, which was overruled.

The ruling of the lower court on the motion for a new trial is the only error assigned. The only question presented by the motion for a new trial and argued by counsel for appellant arises upon the instructions given by the court to the jury. It is contended that the court erred in giving instruction numbered 4. This instruction was as follows:

"If you should find, however, that the defendant has failed to prove to your satisfaction by a preponderance of the evidence, the allegations of his answer, that is, that Voris, the payee of the note, and the principal of the note, did make an agreement and contract with each other for a valuable consideration, to extend the time without the knowledge or consent of Shotts—if they fail to prove that, you will find for the plaintiff."

It is necessary to the release of a surety upon a promissory note, by reason of the extension of the time of payment of the note, that the extension should be for a definite period; that it should be for a valuable consideration; that it should be done without the consent of the surety, and that the holder of the note should have knowledge of the fact that the person seeking the release for such cause is a surety. *Arms* v. *Beitman*, 73 Ind. 85; *Prather* v. *Young*, 67 Ind. 480;

*Starret* v. *Burkhalter*, 70 Ind. 285; *Abel* v. *Alexander*, 45 Ind. 523, 15 Am. Rep. 270; *Henry* v. *Gilliland*, 103 Ind. 177; *Beach* v. *Zimmerman*, 106 Ind. 495.

The court undertook to tell the jury in this instruction just what it was necessary for appellee to prove in order to complete his defense, and in doing so at least two essential facts necessary to be proved by appellee before he would be entitled to judgment in his favor were omitted from this instruction. This was a fatal defect in the instruction. An instruction which undertakes to set out the material facts necessary to be proved in order to maintain an action or defense must be correct and complete. *Jackson School Tp.* v. *Shera*, 8 Ind. App. 330; *Kentucky and Indiana Bridge Co.* v. *Eastman*, 7 Ind. App. 514.

It is contended by counsel for appellee that the charge is good so far as it goes, and is not liable to the objection made, and that if appellant desired the instruction to be more complete, it was his duty to ask the court to give an additional instruction covering the points alleged to have been omitted, and the error, if any, would have been in the refusal of the court so to instruct the jury. It was said by this court in the case of *Kentucky & Indiana Bridge Co.* v. *Eastman, supra*: "Counsel for appellee insist that the charge is good so far as it goes, and therefore not liable to the objection made. This view we cannot support. We cannot adjudge the charge to be good as far as it goes. It undertakes to fix a basis upon which appellee is entitled to found a recovery. In doing this, the omission of an essential feature is fatal."

There is nothing in the instructions given by the court in the case which would in any way supply the omissions or cure the error of this instruction. Counsel for appellee contend that the law as stated in the

two cases cited is in conflict with the decisions of the Supreme Court of this State, and cite in support of their contention the cases of *Smurr* v. *State*, 88 Ind. 504; *Fitzgerald* v. *Goff*, 99 Ind. 28; *Jones* v. *Hathaway*, 77 Ind. 14. The late case of *Todd* v. *Danner*, 17 Ind. App. 368, is also cited by counsel as sustaining their view of the law. Upon a careful examination of these cases we find no conflict. The point decided in all the cases cited by counsel for appellee in the Supreme Court and adhered to by this court in the case of *Todd* v. *Danner, supra,* is well stated by Howk, J., in the case of *Jones* v. *Hathaway, supra,* viz: "Where the instructions given do not contain any erroneous statement of the law, and are objected to upon the ground that they do not fully state the law upon all the issues in the cause, it is incumbent on the objecting party, if he desires to make his objections available in this court, to ask the trial court for additional instructions covering the omitted points. If the party fails, in such a case, to ask the court for such instructions, he can not, by merely excepting to the instructions given, get such an error into the record as will be available to him on appeal, in this court."

The law as above stated by our Supreme Court is applicable to cases where upon a given statement of facts the jury is correctly instructed that certain legal conclusions follow. The same facts may have an additional legal effect within the issues of the cause being tried, and if either party to the action desires such other legal effect brought to the attention of the jury, he must ask for additional instructions to supply the supposed omission in the one given. The trouble with the instruction under consideration was that it was a defective statement of the material facts necessary to be established, and an incorrect statement of their legal effect under the issues tendered in this

cause. It was not correct as far as it went, either in its statement of fact or law. The error is properly presented to the court, and appellant's contention must be sustained. The judgment is reversed, with instructions to the lower court to sustain the motion for a new trial.