### DUDLEY ET AL. *v*. STATE, EX REL. ROE ET AL.

[No. 5,981.   Filed April 24, 1907.]

1.   TRIAL.—*Instructions.—Mandatory.—Omission of Necessary Fact.*—The omission of a necessary fact from a mandatory instruction for plaintiff purporting to set out all of the facts necessary to plaintiff's recovery, is fatal. ˙ p. 76.

2.   SAME.—*Instructions.—Intoxicating Liquors.—Unlawful Sales.—Injuries.—Connection.—*An instruction, in an action for the recovery of damages caused by a saloon-keeper's unlawful sale of liquors and a death caused thereby, stating that if such saloon-keeper unlawfully sold to decedent such liquor while he was intoxicated and that decedent, on his way home, undertook to cross a sewer and fell therefrom and perished, by freezing, "and that when he so fell he was in a state of intoxication on account of liquors so bought" from such saloon-keeper, the verdict should be for plaintiff, fails to connect the fall and death of deceased with his intoxication. p. 76.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by the State of Indiana, on the relation of Anna P. Roe and others, against James A. Dudley and another. From a judgment on a verdict for plaintiff for $1,750, defendants appeal. *Reversed.*

*W. A. Cullop* and *George W. Shaw,* for appellants.

*Charles D. Hunt, S. W. Williams* and *Thomas Duncan,* for appellee.

RABB, J.—This was an action brought on the relation of the widow and minor children of Henry M. Roe, against the appellants, Dudley and the United States Fidelity and Guaranty Company of Baltimore, Maryland, the surety on his bond given to procure a license to vend liquors at retail, and it is charged in the complaint that in violation of the law the appellant Dudley sold to said Roe, when he was in a state of intoxication, intoxicating liquor of which he drank, and thereby increased his intoxication, and that while in such state of intoxication he fell by the roadside, and was, by reason of his intoxicated condition, unable to help himself, and perished with cold, whereby the relators were injured in their means of support. A general denial was filed to the complaint, a jury trial had, resulting in a verdict and judgment in favor of the relators.

The only error complained of here is the action of the court in overruling appellants' separate motions for a new trial, and it is only necessary to consider one question raised upon these motions. The court, over the appellants' objection, instructed the jury as follows: "If you find from the evidence, by a preponderance thereof, that on or about December 12, 1903, the defendant Dudley, or his employe in his place of business at the town of Sullivan, Indiana, sold to the deceased intoxicating liquor at a time when he was in a state of intoxication, and the seller had knowledge of his intoxicated condition at the time he so furnished such liquor, or had an opportunity to know of such intoxicated condition of said Roe, and you further find from the evidence that the deceased and his son, then about seventeen years of age, started in a two-seated buggy, of the ordinary kind, to drive to their home, a distance of about ten miles, in a rural district; that they left said town in the manner aforesaid about 5 o'clock p. m. on said day; that when they had proceeded on their way homeward some four or five miles said deceased got out of said buggy for the purpose of obtaining aid from some person to uncork and open a bottle of whisky

for him; that while procuring assistance to open said bottle of whisky his son drove said vehicle and team hitched thereto on to their home, and left deceased; that said deceased endeavored to reach home that night on foot; that after he had walked two and one-half miles from the place where he had been left by his said son he fell from a sewer which crossed the highway to the ground below, and perished by freezing; that when he so fell he was in a state of intoxication, on account of liquors so bought at said Dudley's saloon—your verdict should be for the plaintiff.''

This is a mandatory instruction. It undertakes to contain a statement of all material facts necessary to relators' recovery. It is a well-settled law that where such instruction is given by the court, and a material fact or facts necessary to the plaintiff's recovery are omitted, the instruction is fatally defective. *Hutchinson* v. *Wenzel* (1900), 155 Ind. 49; *Maxon* v. *Clark* (1900), 24 Ind. App. 620; *Voris* v. *Shotts* (1898), 20 Ind. App. 220; *Jackson School Tp.* v. *Shera* (1893), 8 Ind. App. 330; *Kentucky & Ind. Bridge Co.* v. *Eastman* (1903), 7 Ind. App. 514; *Indiana Ins. Co.* v. *Pringle* (1899), 21 Ind. App. 559.

This instruction entirely omits the connection between the fall of the deceased from the sewer to the ground and his perishing by freezing, with his intoxication. In order that the appellees might recover it was necessary that the evidence should show that the intoxication was the cause of the deceased's perishing. The mere facts that he was intoxicated, that he fell from the sewer to the ground below, and that he there perished, would not render appellants liable unless the intoxication was the cause of his falling and perishing.

For this error the judgment of the court below must be reversed.