## MERRILL *v.* THE STATE OF INDIANA.

[No. 21,644.    Filed January 31, 1911.]

1. CRIMINAL LAW.—*Appeal.—Perfecting.—Notice of.—Sufficiency.*—Where a judgment of conviction was rendered in a criminal case on February 18, the transcript on appeal was filed on March 31, appellant's brief, on March 31, appellee's brief, on July 15, raising the question of jurisdiction, and on July 29, appellant notified the prosecuting attorney of the appeal, filing proof of such notice on July 30, the Supreme Court has jurisdiction to determine the question raised in the appeal, the service of such notice after the filing of the transcript on appeal, and within the statutory time, being permissible. p. 140.

2. INTOXICATING LIQUORS.—*Sales.—Consignees.—Care of Third Person.—Agency.*—A consignment of goods to the vendee, in care of a third person, in the absence of known limitations, confers upon such third person the right to receive the goods, and this fact may be considered in determining whether such third person is the agent of the vendor, or of the vendee. p. 144.

3. INTOXICATING LIQUORS.—*Sales.—Delivery.—Place of.*—Where a vendor of intoxicating liquors undertakes to deliver the liquor sold, the sale is complete only upon delivery; and the place of sale is the place of delivery. p. 144.

4. INTOXICATING LIQUORS. — *Sales. — Place of.—Statutes.*—Under §8347 Burns 1908, Acts 1907 p. 27, §11, a sale of intoxicating liquors, shipped c. o. d., is completed at the place where the money is paid, or the goods are delivered. p. 145.

5. APPEAL.—*Weighing Evidence.*—In determining whether the evidence sustains a conviction of a defendant, the Supreme Court will consider only that which is most favorable to the State. p. 146.

6. CRIMINAL LAW.—*Principals.—Accessories.—Misdemeanors.*—All who aid or abet in the commission of a misdemeanor are indictable and punishable as principals. p. 146.

7. INTOXICATING LIQUORS.—*Sales.—Delivery.—Place of.*—Where a citizen of Kokomo ordered liquor from an Indianapolis saloon-keeper, delivery to be made at his home at Kokomo, and the liquor was consigned to defendant, the name of the purchaser also being marked thereon, and defendant delivered the liquor, collecting fifteen cents for the delivery, he is criminally liable, having aided in the commission of a misdemeanor. p. 146.

From Howard Circuit Court; *L. J. Kirkpatrick,* Judge.

Prosecution by The State of Indiana against William Merrill. From a judgment of conviction, defendant appeals. *Affirmed.*

*Herron & Byers*, for appellant.

*James Bingham*, Attorney-General, *A. G. Manning*, Prosecuting Attorney, *A. G. Cavins*, *E. M. White* and *W. H. Thompson*, for the State.

MYERS, C. J.—Appellant was tried and convicted upon an indictment in six counts, under §8337 Burns 1908, Acts 1907 p. 27, §1. The first charged an unlawful sale to Angelo Martello of twenty-one pints of beer, the defendant not having a license. The second charged the unlawful operation of a place where intoxicating liquors were sold without a license. The third charged the unlawful operation of a place where intoxicating liquors were given away without a license. The fourth, fifth and sixth, that appellant, not having a license, was unlawfully found in possession of twenty-one pints of beer, which he had in his possession for the purpose of selling to Angelo Martello. The court found him guilty generally of " the unlawful sale of liquor as charged in the indictment," and he was fined.

The error assigned is the overruling of his motion for a new trial.

The Attorney-General challenges the jurisdiction of this court, upon the ground that prior to the filing of the transcript in this court no notice of appeal had been given to the prosecuting attorney, and that no waiver was filed or appearance entered. The judgment was rendered February 18, 1910, the transcript was filed in this court March 31, 1910. Appellant's brief was filed March 31, 1910, and appellee's brief was filed July 15, 1910, in which the point was raised as to want of jurisdiction, and on July 29, 1910, appellant notified the prosecuting attorney of the appeal, and filed proof of such notice in the office of the clerk of this court on July 30, 1910. This is held to be such a compliance with the statute as to confer jurisdiction. *State v. Sutherlin* (1905), 165 Ind. 339; *Beggs v. State* (1890), 122 Ind. 54.

Appellant claims that the finding is contrary to law, in

that the evidence does not show a sale by appellant. It is disclosed by the evidence that prior to a local option election, and while saloons were in operation in Howard county, Edward Weiser kept a bottling house in Kokomo, and that he was agent for the bottling and sale of the Terre Haute Brewing Company's beer. Appellant had for a number of years been employed by Weiser in the delivery of beer, with Weiser's horses and wagons or those of the Terre Haute Brewing Company, and after the operation of saloons was suspended in that county appellant kept the horses and wagons in the same barn. He claimed that he had the use of the horses and wagons for caring for the horses. When not employed in delivering beer, he was employed in delivering coal, using the same wagons that he used in delivering beer. He was engaged more or less in delivering beer shipped by Maurice Donnelly after the saloons were suspended in Howard county, and in collecting and in removing the empty barrels and kegs.

The prosecuting witness testified that about a week prior to December 24, 1909, he asked the two Weiser boys, of whom he had been accustomed to get beer, whether there was any way he could get beer, and was told that they could not furnish it. Shortly thereafter he received a circular through the mail, and with it a postal card, as he called it, informing him that if he would sign the card, put $2 in the enclosed envelope, and mail it, he would receive a case of beer. He did not know the parties to whom the card was sent, but he signed the card, enclosed $2 as directed, and received a case of beer at his house between 7 o'clock and 8 o'clock a. m., delivered there by appellant, who was paid fifteen cents by the witness's wife in his absence. The witness did not know the beer was at the station, and did not order its delivery by appellant, though appellant had theretofore spoken to him in regard to deliveries generally of shipments to him. This evidence was supplemented by the testimony of Maurice Donnelly, that he was a licensed saloon-keeper

of Marion county, Indiana, and was a general agent of the
Terre Haute Brewing Company; that he had never seen
appellant, nor engaged him to deliver beer, but that he
obtained appellant's name from Edward Weiser, whom he
had known for a number of years. He was shown a blank
order in the following form and terms:

" Indianapolis, Indiana.
Maurice Donnelly, licensed liquor dealer, 131 North
Pennsylvania street, Indianapolis, Indiana. Please de-
liver to my address ——— dozen large bottles Terre
Haute Brewing Company's beer, ——— dozen small
bottles Terre Haute Brewing Company's beer.
Name.
Address.
Orders will be filled only at licensed liquor house, 131
North Pennsylvania street, Indianapolis, Indiana, and
will not become binding until accepted by the above-
named dealer."

He said he had sent such blanks to persons whose names
were sent in from agencies.

The exact filling of the blanks in the order used in this
case is not shown. Donnelly had made a shipment of beer to
Kokomo, consigned to appellant, December 23, 1909. Appel-
lant's name was on the cases, as well as the name of the
person to whom the case was to be delivered. The way-
bill was for a consignment of forty-three cases of bottled
beer, one-half barrel of beer and one-fourth barrel of beer,
all consigned to appellant in one shipment. The freight,
which was prepaid, on the forty-three cases was $5.81, and
on the barrel beer, forty-three cents. There was no bill
of lading. Donnelly further testified that the freight was
added to the price at which the beer was sold if delivered
at his place, and that he paid the freight on the shipment.
He could not recall the name Martello to whom the sale
was alleged to have been made. The empty bottles and
cases were shipped back to him without any arrangement
with appellant to collect and return them, other than a

request to the parties that they return the empty bottles and cases, and a statement that on their failure to do so they would be charged therewith.   He could not say whether he had received a list from Weiser.   Appellant testified that he delivered to Martello on December 24, the beer, which he had gotten at the railway station, and which was shipped by Donnelly; that he also delivered forty other cases of beer to a number of other persons that day; that in light work he used Weiser's light wagon, and in heavy work he used the Terre Haute Brewing Company's wagon; that he took care of the horses for their use and the use of the wagons; that he worked at delivering coal, and also delivering beer that was shipped from Indianapolis; that he was supposed to deliver the beer and take the empty casks out of the way for fifteen cents, but that he had no contract with Martello or with Mrs. English, for whom he had a shipment at the same time.   He could not give the names of those to whom the other cases were delivered by him, except two, and that those were the ones found by the officers; that they were customers of Weiser's, and had been for some time; that he took chances on their paying him when he delivered the beer; that he was not doing a general drayage business.   There was evidence by appellant before the grand jury that Weiser had told him to take the empty cases to the railway station.   On the morning of December 24, one of the Weiser boys was with appellant at the freight-house, and Weiser had a paper from which he appeared to be checking off the cases as appellant placed them in different places.   It is significant that the Weisers did not testify in the cause, and there is no evidence that there was no arrangement between them and the vendor.

From these facts we are asked to reverse the judgment. It is not shown that Weiser had not directed the delivery of the beer, or the return of the empty cases.   The trial court might reasonably have inferred from the evidence that

Weiser, or appellant, or both, were agents of the vendor, and that the sale was consummated by the delivery in Howard county. The order blank directs a delivery at the prosecuting witness's address. The order was one prepared and sent out by the shipper to prospective customers, and on its face is an undertaking to deliver at the witness's address. The payment to appellant of fifteen cents for delivery was wholly voluntary on the part of the prosecuting witness. He was entitled to have it delivered at his address, and the delivery was a necessary part of the sale. The prosecuting witness could not have gone to the station and gotten the beer, for it was consigned to appellant, and, without an order from appellant, it could not have been delivered to the prosecuting witness. There was certainly no authority for the carrier's delivering it to any one except appellant, and this fact distinguishes this case from the cases where the goods were delivered to a carrier and consigned to named persons. *Gates* v. *Chicago, etc., R. Co.* (1894), 42 Neb. 379, 60 N. W. 583; *Union Pac. R. Co.* v. *Johnson* (1895), 45 Neb. 57, 63 N. W. 144, 50 Am. St. 540.

As between the consignor and the consignee, a consignment in care of a third person, in the absence of known limitations, confers upon the third person the right 2. to receive the goods, and ordinarily constitutes him the person to whom to make delivery, and this circumstance may be taken into account in determining whether the third person is, in law, the agent of the shipper or of the consignee. *Commonwealth* v. *People's Express Co.* (1909), 201 Mass. 564, 88 N. E. 420.

Here, the consignment was to appellant, practically a consignment to the vendor himself. The only limitation is the direction on the cases to whom delivery should be 3. made by him. The case of *Commonwealth* v. *Burgett* (1884), 136 Mass. 450, is strongly in point on the proposition that the undertaking of the vendor was to deliver the beer, and that unless it was delivered the order was not

filled, and the vendor was not entitled to retain the money. See, also, *Berger* v. *State* (1887), 50 Ark. 20, 6 S. W. 15; *Commonwealth* v. *Greenfield* (1876), 121 Mass. 40; *Suit* v. *Woodhall* (1873), 113 Mass. 391; *State* v. *Basserman* (1886), 54 Conn. 88, 6 Atl. 185; Benjamin, Sales (6th ed.) §693.

The place of sale is the place where the sale is completed by delivery. *Dunn* v. *State* (1888), 82 Ga. 27, 8 S. E. 806, 3 L. R. A. 199; *Doster* v. *State* (1893), 93 Ga. 43, 18 S. E. 997.

The cases of *Harding* v. *State* (1902), 65 Neb. 238, 91 N. W. 194, and *State* v. *Cairns* (1902), 64 Kan. 782, 68 Pac. 621, 58 L. R. A. 55, are not in point, for in each case the consignment was made through a common carrier to the purchaser. The case of *United States* v. *Lackey* (1903), 120 Fed. 577, it must be admitted, lends support to appellant's contention. There is this distinction, however: Lackey was not a common carrier; he was a market gardener. This, it seems to us, distinguishes his case from the case of a delivery to a common carrier, obligated to carry upon payment of the costs of carriage, and impresses us with the conviction that the case shows an agency and sale in Roanoke; and to the extent of such holding we cannot follow it. Appellant was not a common carrier. He was not a general delivery man. When not delivering beer, he was employed by one person to deliver coal. The court below may reasonably have supposed that the attempt was to do indirectly what could not be done directly, and was to defeat the object and purpose of the law, and that appellant was the agent of the vendor. *Mason* v. *State* (1908), 170 Ind. 195; *Government Bldg., etc., Inst.* v. *Denny* (1900), 154 Ind. 261.

Suppose that before delivery to the vendee the vendor had concluded that his act was a violation of the statute, and had directed appellant not to deliver, could it 4. be contended that the prosecuting witness had such title that he could recover the beer? The statute expressly provides, contrary to the common-law rule, that

sales of intoxicating liquors shipped c. o. d. shall be deemed sales at the place where the money is paid or the goods delivered. §8347 Burns 1908, Acts 1907 p. 27, §11. Under this section, delivery through the carrier and collection by it would constitute an offense. Much more must this be so under a consignment not to the purchaser, but to a third person, with at least implied direction to deliver. If the delivery would constitute a sale in the one case, it is difficult to see wherein it is not a sale at least by implication in the other, where there are reasonable grounds to infer agency.

5. In reviewing the sufficiency of the evidence to sustain a conviction, only the evidence most favorable to the State will considered by the Supreme Court. This is because it was necessarily upon such evidence that the court below, whose province it was to make all reasonable inferences, relied in a finding of guilty. *Wilson* v. *State* (1911), *post*, 458; *Schondel* v. *State* (1910), 174 Ind. 734.

6. The offense charged is a misdemeanor, and all who aid, or assist in the perpetration of the offense are equally guilty, and may be indicted as principals. The law knows no accessories in cases of misdemeanors. *Stratton* v. *State* (1874), 45 Ind. 468; *Lay* v. *State* (1895), 12 Ind. App. 362; *Bonds* v. *State* (1900), 130 Ala. 117, 30 South. 427; Ewbank, Ind. Crim. Law §360.

7. The statute prohibits the sale by direction or indirection. It seems to us that the court might reasonably infer from the evidence that appellant was the agent of the vendor, and that the sale was intended to be made and was made in Howard county, and in order to reverse the judgment we would be compelled to substitute our inference for that of the court on a matter of fact, or at least of mixed fact and law.

We cannot say that error is shown. The judgment is affirmed.