## SHORTER *v.* STATE OF INDIANA.

[No. 22,315. Filed May 16, 1913.]

1. CRIMINAL LAW.—*Misdemeanors.*—*Principals.*—*Proof.*—Although all who assist or aid in the perpetration of a misdemeanor are equally guilty and may be indicted and convicted as principals, it is essential to their conviction that the offense must be proved as charged in the indictment. p. 529.

2. INTOXICATING LIQUORS.—*Unlawful Sales.*—*Evidence.*—*Place of Sale.*—The place of a sale is the place where the sale is completed by delivery, so that where defendant took an order in a "dry" county for a shipment of beer to a resident of such county from a brewing company in another county authorized to sell at retail, and the order specified the carrier to which the beer was to be delivered, and was subject to the acceptance of the brewing company, the sale was consummated and title vested in the purchaser at the time of delivery to the carrier in the county where the brewing company was located. pp. 529, 530.

3. INTOXICATING LIQUORS.—*Sales.*—*Delivery.*—As a general rule delivery to the carrier is delivery to the vendee and it is not affected by the existence of the right of stoppage *in transitu.* p. 530.

From Starke Circuit Court; *Francis J. Vurpillat,* Judge.

Prosecution by the State of Indiana against George Shorter. From a judgment of conviction, the defendant appeals. *Reversed.*

*Henry A. Sleis* and *J. G. Reidebach,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

SPENCER, J.—Appellant was tried and convicted on a grand jury indictment of selling intoxicating liquors in Pulaski County, Indiana, without having a license in force at the time. The cause was tried by the court, without the intervention of a jury, on an agreed statement of facts in substance as follows: that appellant is a resident of the town of Winamac, in Pulaski County, Indiana, and was at the time he is charged with making an unlawful sale of intoxicating liquors; that the Robert Johnson mentioned in the indictment was also at the time a resident of Winamac, in Pulaski County; that said town of Winamac was, at the time mentioned in the indictment, "dry" territory under the liquor laws of the State of Indiana; that on June 21, 1911, appellant took and received at the request of said Johnson his written order for one case of beer in said town of Winamac; that said order was addressed to the Berghoff Brewing Company of Fort Wayne, Indiana, and is as follows:

"20m-7-15-10        ORDER BLANK
                File No. 8            6-21-1911
Berghoff Bottle Beer Supply Company
    E. F. Miller, Proprietor, Ft. Wayne, Ind.
    Gentlemen: Please find enclosed $2.00 for which ship via Pennsylvania R. R. Co. Freight soon as can, freight prepaid, to
    Name, Robert Johnson; Town, Winamac,
Street .............................. State, Ind.
1-3 doz., Case Small, Extra pale................$2.00
Important—All orders are subject to the acceptance of E. F. Miller.
    Remarks: See that this order will reach Winamac Saturday without fail."

That said brewing company on receipt of said order and money or draft accompanying the same caused to be shipped to said Johnson, one case of beer; that said brewing company delivered said case of beer to the Pennsylvania Railroad Company in Fort Wayne and caused the same to be billed to said Johnson at Winamac, where it was received by the regular railroad agent who afterwards delivered it to said Johnson, the freight charges therefor having been paid by said brewing company; that appellant took orders of others as well as that of Johnson for beer of the Berghoff Brewing Company; that said brewing company was licensed to sell wholesale and retail liquors; that said Johnson purchased the beer for private consumption and not for sale. Upon these facts the trial court found appellant guilty as charged in the indictment.

The only question presented by this appeal is one of venue and may be thus stated: Was the sale made in Pulaski County as alleged in the indictment? While we recognize the assertion of the Attorney-General that "this being a misdemeanor, all who assist or aid in the perpetration of the offense are equally guilty, and may be indicted and convicted as principals", yet the misdemeanor must be proved as charged in the indictment, viz., that the offense was committed in Pulaski County, Indiana. If there is no evidence that the sale was made in said county, then it cannot matter whether it was made in Allen County or was never made at all. The order and the money for the liquor were taken by appellant and sent by him to the brewing company at Fort Wayne in Allen County. This seems to be all that he had to do with the transaction. The order was Johnson's and was subject to the acceptance of one E. F. Miller. It directed the shipment of the liquor to Johnson and named the carrier which was to transport it. The beer was shipped to Johnson at Winamac and there received by him from the agent of the

carrier; it was for his private use and not for sale. The brewing company at Fort Wayne was licensed to retail liquors. Can it be said from this that there was such a delivery in Pulaski County by appellant as to constitute a sale made by him? The place of sale is the place where the sale is completed by delivery. *Merrill* v. *State* (1911), 175 Ind. 139, 145, 93 N. E. 857; *Doster* v. *State* (1893), 93 Ga. 43, 18 S. E. 997.

The general rule is that delivery to the carrier is delivery to the vendee and it is not affected by the existence of the right of stoppage *in transitu*. *State* v. *Cairns* (1902), 64 Kan. 782, 58 L. R. A. 53; *State* v. *Intoxicating Liquors* (1882), 73 Me. 278; *State* v. *Carl & Toby* (1884), 43 Ark. 353, 51 Am. Rep. 565. It seems to us that the controlling question in this case is, In whom was the title to the intoxicating liquor at the time of its delivery to the carrier? If it was in the vendee, Johnson, then there was no sale in Pulaski County and the judgment of conviction is contrary to law. In some of the cases cited by the Attorney-General to uphold the judgment the decisions turn upon the proposition that delivery is a question of intention and therefore a question of fact to be determined by the court or jury. But in the case at bar there is no contention that appellant had anything to do with the delivery. The title to the liquor was in Johnson upon its delivery to the carrier at Fort Wayne and appellant could neither have called for and received the liquor at Winamac nor stopped it in the course of transportation. The sale to Johnson was made at Fort Wayne.

We therefore conclude that the judgment herein is contrary to law, and the same is hereby reversed.

NOTE.—Reported in 101 N. E. 821. See, also, under (1) 22 Cyc. 454; (2, 3) 23 Cyc. 185. As to who are accomplices in the eye of the law, see 138 Am. St. 273; 98 Am. St. 158. As to persons aiding or abetting the commission of a crime, see 13 Am. Rep. 177. For a discussion of the delivery of goods to a carrier for shipment as delivery to the purchaser, see 20 Ann. Cas. 1027.