## RHEA v. SAWYER.

[No. 8,017.   Filed June 4, 1913.   Rehearing denied November 7, 1913.]

1. NEGLIGENCE.—*Injury to Property.—Contributory Negligence.— Burden of Proof.*—While the burden of proof on the question of contributory negligence has been placed by statute (§362 Burns 1908, Acts 1899 p. 58) upon the defendant in actions for damages resulting from personal injuries or the death of any person, in all other cases involving that question the burden rests upon the plaintiff to allege and prove his freedom from contributory negligence; hence, in an action for damages for the death of two colts, alleged to have resulted from defendant's negligence, mandatory instructions stating that plaintiff was entitled to a recovery upon proof of certain facts, but not mentioning freedom from contributory negligence as one of the facts to be proved by plaintiff, were fatally erroneous.   p. 573.

2. TRIAL.—*Instructions.—Cure of Defective Instructions.*—Mandatory instructions purporting to enumerate the facts essential to a recovery by plaintiff, but omitting a material fact, as to which plaintiff has the burden of proof, cannot be cured by the giving of other instructions correctly stating the law.   p. 514.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by Litta Sawyer against Thomas J. Rhea. From a judgment for the plaintiff, the defendant appeals. *Reversed.*

*Abraham Simmons* and *Frank C. Dailey,* for appellan

*William H. Eichhorn* and *Edwin C. Vaughn,* for appellee.

LAIRY, J.—Appellee recovered a judgment in the Wells Circuit Court for damages resulting from the death of two

colts.   The complaint is in two paragraphs, both of which proceed upon the theory that appellant was guilty of negligence in castrating the colts, and that they died as a result of such negligence.

Appellant relies for reversal upon the fifth, ninth and tenth causes assigned for a new trial.   Those assignments call in question the correctness of instructions Nos. 1, 5 and 6 given by the court at the request of appellee.   All of these instructions are open to the same objection.   They are all mandatory and each informs the jury that plaintiff was entitled to recover in the event that she had proved certain facts by a fair preponderance of the evidence.   Freedom of the plaintiff from contributory negligence was not mentioned or enumerated as one of the facts necessary to be proved in order to entitle her to a recovery.

In actions for damages resulting from personal injuries or the death of any person, contributory negligence is a defense, the burden of proving which is placed, by statute, upon the defendant.   §362 Burns 1908, Acts 1899 p. 58.   The rule as to the burden of proof on the question of contributory negligence as it formerly existed in this State is not changed by this statute in any cases which do not fall within one of the classes enumerated in the act.   *Cincinnati, etc., St. R. Co.* v. *Klump* (1905), 37 Ind. App. 660, 77 N. E. 869; *Cleveland, etc., R. Co.* v. *Stevens* (1912), 49 Ind. App. 647, 96 N. E. 493.   In cases such as this the burden of alleging and proving that the plaintiff was free from fault contributing to the injury rests with such plaintiff, and there can be no recovery in the absence of such proof.   The instructions in question were all fatally defective for the reason that they authorized a recovery by the plaintiff without requiring the jury to find as a prerequisite to such recovery that plaintiff was not guilty of contributory negligence.   *Dudley* v. *State, ex rel.* (1907), 40 Ind. App. 74, 81 N. E. 89; *Voris* v. *Shotts* (1898), 20 Ind.

App. 220, 50 N. E. 484.   It has been frequently held 2. that the error contained in these instructions cannot be cured by the giving of other instructions correctly stating the law.   *Nickey* v. *Steuder* (1905), 164 Ind. 189, 73 N. E. 117; *Rahke* v. *State* (1907), 168 Ind. 615, 81 N. E. 584; *Lake Shore, etc., R. Co.* v. *Johnson* (1909), 172 Ind. 548, 88 N. E. 849.

Upon the authority of the cases cited we are constrained to reverse the judgment of the trial court with directions to sustain appellant's motion for a new trial.

NOTE.—Reported in 102 N. E. 52.   See, also, under (1) 29 Cyc. 601, 644; (2) 38 Cyc. 1782.   As to burden of proof in case of contributory negligence, see 55 Am. Dec. 666; 39 Am. Rep. 511; 58 Am. Rep. 229; 10 Ann. Cas. 4.