## APPLEGATE v. STATE OF INDIANA.

[No. 22,614. Filed October 9, 1914.]

1. CRIMINAL LAW.—*Sufficiency of Evidence.—Appeal.*—In reviewing the sufficiency of the evidence to sustain a conviction, the Supreme Court will consider only that which is most favorable to the State. p. 267.

2. INTOXICATING LIQUORS.—*Unlawful Sales.—Place of Sale.—Evidence.*—In a prosecution for the unlawful sale of intoxicating liquors, evidence showing that defendant, the agent of a liquor dealer in another county, was approached by the prosecuting witness who sought to purchase a quart of whiskey, that defendant received the money, replying that he had no whiskey but would have it later in the day, that on the same day the whiskey was shipped by express from the liquor dealer in a box of goods consigned to another, although the bottle was marked with the purchaser's name, that the box of goods was received by the consignee, and that the whiskey was delivered to the purchaser by defendant, was sufficient to warrant the jury in finding that the place of delivery was the place of sale, and to sustain a judgment of conviction. p. 267.

From Crawford Circuit Court; *William Ridley*, Judge.

Prosecution by the State of Indiana against Thomas J. Applegate. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Ewing & Paris,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

SPENCER, J.—This is an appeal from a judgment of conviction on an indictment charging appellant with selling intoxicating liquors without a license. The sole question presented for review is the sufficiency of the evidence to sustain the verdict of the jury, appellant's contention being that there is no evidence that the alleged sale was made in Crawford County, as charged in the indictment. Conceding that the evidence is in conflict as to certain features of the transaction in question, the rule is well settled that in reviewing the sufficiency of the evidence to sustain a conviction, this court will consider only that evidence which is most favorable to the State. *Wilson* v. *State* (1911), 175 Ind. 458, 471; *Merrill* v. *State* (1911), 175 Ind. 139, 146, 44 L. R. A. (N. S.) 439.

From this evidence it appears that one Loran, a private detective, met appellant in the city of Marengo, Crawford County, on August 20, 1913, and sought to purchase of him a quart of whiskey. Appellant replied that he did not have the whiskey at that time but would have it in the evening. Loran then paid appellant for one quart of whiskey and the same was delivered to him by appellant that evening at the hotel in Marengo. This evidence of a direct sale by appellant to Loran is sufficient to sustain the judgment of conviction. Appellant, however, contends that he was acting as a salesman and agent for Bocard & Company, wholesale liquor dealers at New Albany, in Floyd County, and that the sale to Loran was made in said Floyd County. On this theory of the case, there is evidence which tends to show that the bottle of whiskey which Loran received, although marked with his name, was shipped by express from New Albany to Marengo in a box of goods consigned to one Van Meter; that Loran gave no order to Bocard & Company; that as the goods were con-

signed to Marengo, Loran could not have demanded them from the express office; that said box of goods was received by Van Meter and taken by him from the express office; and that the bottle of whiskey in question was delivered to Loran at the hotel by appellant. These facts are sufficient to warrant the jury in finding that delivery took place in Crawford County and bring the case within the rule of *Merrill* v. *State, supra,* holding that the place of sale is the place of delivery. On the authority of that case, the judgment herein must be affirmed. Judgment affirmed.

NOTE.—Reported in 106 N. E. 370. As to what are unlawful sales of intoxicating liquors, see 12 Am. St. 353. See, also, under (1) 12 Cyc. 906; (2) 23 Cyc. 260.