## SCHERER v. STATE OF INDIANA.

[No. 23,195. Filed May 16, 1917. Rehearing denied December 19, 1917.]

1. CRIMINAL LAW.—*Sufficiency of Indictment.—Motion to Quash. —Failure to Move.—Waiver of Defect.—Statute.*—Under §348 Burns 1914, Acts 1911 p. 415, providing that certain objections, when not appearing on the face of the complaint, may be taken by answer, and that if not taken by demurrer or answer shall be deemed waived, except only the objection to the jurisdiction of the court, an objection that an indictment for selling intoxicating liquors without a license did not state the price for which the liquor was sold was waived where defendant failed to present such objection to the trial court by a motion to quash, the alleged defect in the indictment not going to the jurisdiction of the court. p. 16.

2. CRIMINAL LAW.—*Evidence to Establish Alibi.—Incriminating Others.—Relevancy of Evidence.*—In a prosecution for selling intoxicating liquors without a license at a chicken show, to which charge an alibi was interposed as a defense, it being claimed that the sales were made by one S and that the defendant was not present, where there was evidence to the effect that shortly before the sale charged S was seen on the premises with a bottle of whisky and a quantity of bottled beer and that the accused was not present at the time and place of the alleged sale, testimony that some four hours before the sale in controversy a stranger, a spectator, was seen to take beer and whisky resembling that sold from a grip was properly excluded as being too remote and as being irrelevant, there being no evidence that the stranger sold or offered to sell the liquor, or that he and S were the same person, nor evidence descriptive of the stranger, S, or the accused, from which the jury might draw the inference of mistaken identity on the part of the prosecuting witness. pp. 17, 19.

3. CRIMINAL LAW.—*Alibi.—Burden of Proof.*—Where, in a criminal prosecution, an alibi is relied upon as a defense, it is incumbent on the state to prove beyond a reasonable doubt the presence of the accused at the time and place the crime was committed. p. 19.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Prosecution by the State of Indiana against Harry Scherer. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Floyd G. Christian, Ralph H. Waltz* and *Ira W. Christian*, for appellant.

*Ele Stansbury,* Attorney-General, *U. S. Lesh, Elmer E. Hastings, John G. McCord* and *Edward M. White*, for the state.

MYERS, J.—Appellant was charged by indictment with selling intoxicating liquors without a license. There was a trial by jury, verdict of guilty, and a fine of $50 assessed. Judgment was rendered accordingly.

Appellant has appealed to this court and assigned as error: (1) That the indictment does not state facts sufficient to constitute a public offense; (2) that the trial court erred in overruling his motion for a new trial.

The indictment, in so far as it is material to the questions here presented, charges that on January 9 or 10, 1916, appellant, at the county of Hamilton, and State of Indiana, did sell to Oscar Woddel one pint of whisky and two pint bottles of beer without then and there having a license to sell intoxicating liquors according to the laws of the State of Indiana.

The objection urged against the indictment is that it does not state any price for which the liquor was sold.

1. The attention of the trial court was not called to this objection by a motion to quash, and under the ruling of this court in the case of *Boos* v. *State* (1913), 181 Ind. 562, 105 N. E. 117, that question must be considered as waived. *Hay* v. *State* (1912), 178 Ind. 478, 98 N. E. 712, Ann. Cas. 1915C 135; *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 359, 108 N. E. 525.

Appellant insists with some earnestness that the failure to allege the price paid for the liquor was the omission of a material fact, without which the trial court did not acquire jurisdiction, and therefore within the

exception stated in §3, Acts 1911 p. 415, §348 Burns 1914. This contention cannot be sustained. It is not claimed that the court did not have jurisdiction of the person of appellant, nor can it be said that it did not have jurisdiction of the subject-matter.

The Hamilton Circuit Court is a court of general jurisdiction. *Long* v. *Ruch* (1897), 148 Ind. 74, 47 N. E. 156. It had jurisdiction over the class of cases to which the case at bar belongs, (§1433 Burns 1914, §1314 R. S. 1881; *United States, etc., Ins. Co.* v. *Clark* [1907], 41 Ind. App. 345, 83 N. E. 760), and the mere failure to plead the price paid for the liquor would not go to the jurisdiction of the court over the subject-matter.

Appellant, in support of his motion for a new trial, among others, urges eight reasons, all to the effect that the court erred in excluding certain evidence.

The defense was an alibi, and a brief statement of the evidence most favorable to appellant as a basis for his insistence, will not be out of place. It is undis-

2. puted that on January 9, 1916, a chicken show was held at what is known as Magnetic Springs Park, located immediately west of the town of Cicero, in Hamilton county, Indiana, and during the evening was visited by more than 250 persons; that the prosecuting witness, who was the sheriff of Hamilton county, arrived at the park about twelve o'clock that night and, between twelve and one o'clock, on the morning of January 10, he purchased liquor from some one there on that occasion. The building which housed the chickens was owned by C. B. Scherer, appellant's father, who lived in a part of it. In another part he conducted a restaurant, and on the evening in question he was engaged in serving lunch to all requesting such service. Appellant at the time assisted generally his father about the premises. One of the spectators, a stranger in that

vicinity, with others arrived at the town of Cicero with several suit cases and boxes. These suit cases and boxes were taken by a small wagon from the interurban station about 8 o'clock to the building of C. B. Scherer, and into the basement. On arrival at the building one of the suit cases was opened by the stranger, who took therefrom a bottle of whisky and a bottle of beer and offered the witness a drink. Several witnesses testified that appellant was upstairs and was not in the room where the alleged sale took place after 11:45 o'clock that night. The father of appellant testified that he was acquainted with a man by the name of Elmer Stout, who was at the show, and that he had a suit case, which he saw him open and take out a bottle of whisky and some unlabeled bottles of beer; that he saw Stout with the bottle of whisky a short time before the arrival of the prosecuting witness; that Stout lived in Indianapolis, and since that time he has been unable to locate him. It is also in evidence that the last car south from Cicero was 11:15 at night, and the last car north about 12:40 in the morning.

By the excluded evidence appellant proposed to prove by the witness that he saw the grip opened, and a bottle of whisky and a bottle of beer taken out by the stranger, a person of medium size, and that they resembled and were labeled the same as the bottle of whisky and beer purchased by the prosecuting witness and exhibited to the jury.

It must be kept in mind that the proposed testimony had reference to the knowledge of the witness obtained more than four hours prior to the alleged sale. There is no evidence that the stranger sold or offered to sell any of the liquor in his possession or that the stranger and Stout were the same person, nor evidence descriptive of the stranger, Stout or appellant from which the jury might draw the inference of mistaken identity

on the part of the prosecuting witness. It is undisputed that during the evening whisky and beer were exhibited and drunk on the premises, and that it was all the same brand of whisky and the same make of beer. From .the whole record it appears that the proposed testimony, if admitted, would have been cumulative, and its refusal was not error. Two witnesses testified positively that Woddel bought the liquor from appellant and paid him seventy-five cents for the whisky and twenty-five cents for the beer.

Considering the defense most earnestly relied on, it was incumbent on the state to prove beyond a reasonable doubt the presence of the accused at the time 3. and place the crime was committed. Evidence tending to prove an alibi "not only' goes to the essence of guilt, but it traverses one of the material averments of the indictment." 1 Wharton, Crim. Ev. (10th ed.) §333. So that any evidence supporting this defense was competent, and appellant was entitled to have the benefit of it as bearing on the question as to. whether or not he was present and made the alleged sale; for, if from all the evidence the jury had a reasonable doubt as to whether or not he was present, he was entitled to an acquittal. Howard v. State (1875), 50 Ind. 190; Binns v. State (1874), 46 Ind. 311; Wharton, Crim. Ev. (10th ed.) §§333, 951.

In our opinion all the facts and circumstances offered in evidence tending to show that appellant was absent at the time and place of the alleged violation were 2. admitted, and the proposed testimony was not only too remote, but was not relevant for the purpose of establishing an alibi.

Appellant also claims that the verdict·is not sustained by sufficient evidence, and that it is contrary to law. Neither claim can be allowed. The evidence to which we have already referred is sufficient as a matter of

20 . SUPREME COURT OF INDIANA,

Chicago, etc., R. Co. *v.* Public Service Commission—187 Ind. 20.

law to sustain the verdict. *Merrill* v. *State* (1910), 175 Ind. 139, 93 N. E. 857, 44 L. R. A. (N. S.) 439; *Applegate* v. *State* (1914), 182 Ind. 266, 106 N. E. 370; *City of Indianapolis* v. *Stokes* (1914), 182 Ind. 31, 105 N. E. 477.

The judgment is affirmed.

NOTE.—Reported in 116 N. E. 52. Criminal law: (a) burden of proof of an alibi, 41 L. R. A. 534, 8 Ann. Cas. 1189; (b) sufficiency of evidence of alibi, 8 Ann. Cas. 1190. See under (1) 22 Cyc 411; (3) 12 Cyc 383; (4) 12 Cyc 404, 496.