## STEELE v. CITY OF BLOOMINGTON.

[No. 11,876. Filed May 13, 1925.]

1. NEGLIGENCE.—*In action for damages to property, plaintiff must allege and prove he was free from fault.*—In actions to recover damages to property resulting from negligence, the plaintiff must allege and prove that he was free from fault. p. 76.

2. NEGLIGENCE.—*Negligence of owner of property damaged by surface water from a street was question for the jury.*—In an action against a city for damages resulting from negligence in the construction of a street curb, the question whether plaintiff was guilty of contributory negligence was one for the jury. p. 76.

3. TRIAL.—*Instruction that certain facts "should" be considered by the jury held not reversible error.*—In an action for damages to property by surface water from a street, an instruction that jury "should consider certain facts in determining whether plaintiff was guilty of contributory negligence" was not reversible error, though the word "might" or "could" would have been better. p. 77.

4. TRIAL.—*Refusal of instructions covered by instructions given not error.*—Refusal of requested instructions covered by instructions given is not error. p. 77.

From Monroe Circuit Court; *Herbert A. Rundell,* Judge.

Action by Permelia J. Steele against the City of Bloomington. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*John P. O'Donnell* and *Miers & Corr,* for appellant. *Walter E. Hottell,* for appellee.

THOMPSON, J.—This is an action by appellant against appellee for damages alleged to have been caused by the unlawful diversion of surface water. The complaint is in three paragraphs, in each of which it is alleged that appellee unlawfully, negligently and carelessly collected in artificial channels, large quantities of surface water mixed with oil, gasoline and other deleterious waters, and cast the same upon appellant's land and into a pond located thereon. Each paragraph states a separate cause of action.

A demurrer was filed to each paragraph of complaint and overruled by the court. There was an answer of general denial. There was a trial by jury and a verdict for the appellee on which judgment was rendered. A motion for a new trial was overruled, and exception taken.

The only error relied on for the reversal of this case is the overruling of the motion for a new trial.

The evidence in the case establishes the following facts: That appellant is the owner of out lot No. 1 and the east half of out lot No. 2 in the city of Bloomington; that said real estate is located north of Third street and south of Fourth street, and west of Jackson street; that the general topography of the land lying south and west of appellant's land is such that it slopes to the north and northeast; that in the year, 1903, Third street was improved by the city under a contract to place crushed stone thereon and with gutters and sidewalks; that Third and Fourth streets run east and west and that Jackson street runs north and south; that Maple street runs north and south and intersects Third

street a short distance west of appellant's land, and intersects Fourth street one square north of Third street; that Fairview street connects with the south side of Third street at a point just east of and almost opposite the driveway into appellant's land; that, on a line with the east side of Fairview street, a brick walk was constructed across Third street which was several inches higher than Third street except for a distance of eighteen inches on the north and south sides across the gutters; that wooden walks were placed across these gutters, and said wooden walks had fallen into the gutters; that the city had placed a corrugated iron drain across Fairview street where it intersects Third street, for the purpose of drainage; which drain became stopped up; that the crushed stone on Third street had worn away considerably so that in some places it was as low or lower than the curbs.

During the time that Third street was being improved, appellant asked for and had a driveway put in from the south side of her property, which driveway was made by the contractor in charge of the street improvement, and same was put in with the consent of the city engineer, and appellant paid said contractor $8 for said driveway; that said driveway was made a little lower than the sidewalk, some witnesses testified an inch and a half or two inches, and others three or four inches.

For some time prior to 1921, the city had oiled Third street and appellant had complained to the city council that, during hard rains, the oil, etc., was washed on her property; that in 1921, there was a very heavy rain during the month of August, which rain caused Third street to overflow, and the dirt and debris was carried from the street on and over appellant's land, causing the damage complained of in each paragraph of complaint.

Appellant complains of the giving of instructions numbers 12 and 13, which read as follows: No. 12. "If you find from the evidence that the water, oil and debris claimed by plaintiff to have been cast upon her land, passed through the driveway entering her land; that said driveway was not shown in the plans and specifications for the improvement of Third street, but was constructed by the contractor at the special instance and request of plaintiff's husband; that said driveway was so constructed 3 or 4 inches lower than the curbing of the gutters on each side thereof, which made a natural course for the water coming down from the south and west of said driveway to follow into and over the land of the plaintiff; that plaintiff paid the contractor for the extra expense in constructing said driveway and made no objections to same and that said driveway was so constructed as was ordinarily and usually done by cities at that time, I instruct you that you should consider these facts in deciding whether plaintiff was guilty of contributory negligence, and if you find plaintiff guilty of contributory negligence, contributing directly to the injury complained of you should find for the defendant. No. 13. If the plaintiff is shown by a preponderance of the evidence to have been guilty of contributory negligence contributing to the injury claimed by plaintiff in this cause, then I instruct you that plaintiff cannot recover in this action and your verdict should be for the defendant on that issue."

Appellant insists that the question of contributory negligence is not in the case and that these instructions should not have been given. The law in this 1, 2. state is well settled that in actions to recover damages to property the plaintiff must allege and prove that he was free from fault. (*Rhea* v. *Sawyer* [1913], 54 Ind. App. 512, 102 N. E. 52; 38 Cyc 1782;

55 Am. Dec. 666; *Dudly* v. *State, ex rel.* [1907], 40 Ind. App. 74, 81 N. E. 89.) As to whether there was contributory negligence on the part of appellant in having the driveway constructed, and the way in which it was constructed, was a question for the jury to determine under the evidence.

Complaint is made of the use of the word *should,* in instruction No. 12. While the use of this word as it is used in this instruction is subject to criticism,

3. and the words *might* or *could* would be more commendable, still its use has been held not reversible error. (*In re Darrow and Talbott* [1910], 175 Ind. 144, 92 N. E. 369; *Indianapolis St. R. Co.* v. *Johnson* [1904], 163 Ind. 518; *Toledo, etc., R. Co.* v. *Fenstermaker* [1904], 163 Ind. 534, 72 N. E. 561.)

Appellant has assigned as error the court's refusal to give instructions Nos. 19 and 20 tendered by appellant. We think that instruction No. 18 covers

4. the question involved, and the court did not err in refusing to give these instructions.

There was no reversible error in overruling the motion for a new trial.

Judgment affirmed.