## READ *v.* THE STATE.

Indictment for an assault and battery with intent to murder. The state proved that the defendant had said, a short time before he committed the assault, that he expected to kill some one before he left town. *Held,* that the evidence was rightly admitted to show the intention of the defendant.

A Court acts as a presiding officer upon trials, and will exclude irrelevant matter from the consideration of the jury and restrain the argument of counsel from impertinent topics.

*Monday,
January 20,
1851.*

ERROR to the *Marion* Circuit Court.

PERKINS, J.—This was an indictment against *Neal Read* for an assault and battery with intent to murder. The defendant was convicted and sentenced to the penitentiary.

On the trial the Court permitted the state to prove that the defendant had said, a short time before he committed the assault, that he expected to kill some one before he left town.

This evidence might tend to show the intention of the defendant in making the assault, and was rightly admitted.

The Court gave the following instruction:

" The counsel for the defendant quoted in argument *Selfridge's* case tried at *Boston,* and also that of *Noble* tried at *Cincinnati,* and that of *Gaston* tried at *Indianapolis,* re-

lying solely upon the verdicts of acquittal in these cases. The law, as decided by Courts, would be authority to the jury; but verdicts are not authority; and if they were, that of acquittal in *Selfridge's* case would be doubtful as such, and the verdict in the case of *Noble* was manifestly wrong on the testimony as raised by the defendant's counsel, and the verdict in *Gaston's* case was clearly wrong on the testimony as stated by the defendant's counsel and as heard by two of the judges on the trial, as in both of these cases the evidence demanded a conviction of one or the other of grades of unlawful homicide."

This instruction is objected to as asserting an untruth in saying that the defendant's counsel relied alone upon the verdicts mentioned, and also as being impertinent.

We have no means of knowing whether it asserts an untruth, in point of fact, or not; and if it was impertinent, it was so because the introduction of the verdicts themselves, by the counsel in argument, was impertinent, and hence the counsel should not complain. The Court acts as a presiding officer upon trials, and should exclude, at least if requested, irrelevant matter from the consideration of the jury, and restrain the argument of counsel from impertinent topics; and " it is within the province and it is the duty of the Court, to disentangle the case from any mistakes made by counsel in the statement of the testimony, and, for this purpose, re-state and comment upon the testimony." 2 Swa. Pr. 910.

*Per Curiam.*—The judgment is affirmed.

*R. L. Walpole* and *J. W. Quarles*, for the plaintiff.

*D. Wallace*, for the state.