No. 1,149.

## Voss *v.* The State, ex rel. Stalker.

EVIDENCE.—*Objections to, How Made.*—*Appellate Court Practice.*—Particular objections to the admission of evidence must be made with reasonable certainty, otherwise no question as to its admissibility will be presented on appeal.

From the Hamilton Circuit Court.

*T. J. Kane* and *R. K. Kane*, for appellant.
*W. S. Christian* and *I. W. Christian*, for appellee.

Ross, J.—The appellee brought this action to foreclose a lien for a ditch assessment against certain lands owned by the appellant.

There was a finding for the appellee, and after the filing of a motion for a new trial by the appellant, which was overruled by the court, judgment was rendered on the finding.

The only error assigned by the appellant on this appeal is the overruling of his motion for a new trial. Many causes were assigned in the motion for a new trial, which are not discussed by counsel, hence are considered waived.

The reasons which have been argued, all relate to the admission of certain records in evidence over the appellant's objection. The only objection made to the introduction of this evidence was that it is "irrelevant, incompetent, and immaterial." The evidence objected to was the original petition filed and the order book entries in the proceedings for the location and construction of the ditch.

Objections to evidence that it is irrelevant, incompetent and immaterial are generally too general, indefinite, and uncertain to present any question in this court.

"Objections to evidence to be of any avail must be reasonably specific. The particular objection must be fairly stated. It is not enough to state that the evidence is incompetent, or that it is immaterial and irrelevant. This much is implied in the bare fact of objecting. If it be unnecessary to state the particular objection, quite as well say 'we object' and done with it, since a mere general objection amounts to nothing more, for it is simply tantamount to an expression of the fact that counsel do object. It is no answer to the proposition asserted by the authorities to say that the evidence itself may reveal the objection, for this may be said of all incompetent and irrelevant evidence, when carefully scrutinized, and, if this be true, then there would be no reason for requiring a specific objection in any case. But there is reason for requiring the particular objections to be stated with reasonable certainty, for, in the hurry of a trial, it can not be expected that particular objections will occur to the judge, although if stated he would readily perceive their force. Counsel, who are presumed to have studied the case, ought to be able to state the particular objections, and if none are stated, it is fair to assume that none exist, since an objection that can not be particularly stated is not worth the making. The rule is a reasonable one, just to the court and not burdensome to the parties, and it has been accepted as the law at least since 1846." *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196, and cases cited.

The evidence complained of, however, was proper for the purpose of establishing the lien, hence there was no error in admitting it.

Judgment affirmed, at the costs of the appellant.

DAVIS, C. J., did not participate in the decision of this case.

Filed Feb. 21, 1894.