THE STATE, EX REL. ENDRICKS, ADMINISTRATRIX, *v.* KNOTTS ET AL.

[No. 3,104.   Filed April 5, 1900.]

INTOXICATING LIQUORS.—*Disorderly House.—Damages.—Action on Bond.*—An action cannot be maintained on the bond of a licensed saloon-keeper, conditioned that he would keep an orderly and peace-able house, etc., and pay all judgments for civil damages growing out of unlawful sales of liquor, as provided by statute, for loss of maintenance and support caused by the distinct crime of murder committed by the servant or agent of the liquor seller in a disorderly house kept and maintained by such saloon-keeper.

From the Madison Circuit Court.   *Affirmed.*

*H. F. Wilkie, H. Wilkie, C. K. Bagot, A. Ellison* and *T. Bagot*, for appellant.

*C. M. Greenlee, B. M. Call, J. W. Lovett* and *F. E. Hol-loway*, for appellees.

BLACK, J.—This was an action on the bond of a licensed retail liquor dealer, against the appellee Knotts as principal, and the other appellees as his sureties. The bond conformed

to the statute, which provides that it shall be "conditioned that he will keep an orderly and peaceable house, and that he will pay all fines and costs that may be assessed against him for any violations of the provisions of this act, and for the payment of all judgments for civil damages growing out of unlawful sales, as provided for in this act," etc. §7279 Burns 1894, §5315 Horner 1897.

It was alleged that there was a breach of the condition that the licensee would keep an orderly and peaceable house, in that he allowed and permitted gambling, betting, cursing, quarreling, brawls, fights, and murder to occur and to be unlawfully committed on the premises and in the room wherein he was licensed to sell, so that, as an immediate and direct result of this breach, on, etc., Taylor Endricks, the husband of the relatrix, was unlawfully and feloniously assaulted, beaten, killed, and murdered in said room and upon said premises, by a person then and there upon said premises, who was then and there in the employ and under the direction and control of said Andrew Knotts, and in the charge and control of said room and premises, as the agent, employe, and assistant of said Knotts; all of which was unlawfully and feloniously done, and all of which was then and there by said Andrew Knotts allowed and permitted to be done in said premises in wilful breach and violation of said bond and the conditions thereof. It was further alleged that the death of said Taylor Endricks would not have occurred as aforesaid, and said quarrels, fights, brawls and murder would not have occurred, but for such breach; also, that the killing was in no way contributed to by the want of care or by any fault or negligence of said Taylor Endricks or the relatrix, who, as widow, with a number of children designated, survived, all of whom were dependent on the decedent for maintenance and support, and all of whom were still alive.

It is provided by §7288 Burns 1894, §5323 Horner 1897: "Every person who shall sell, barter, or give away any in-

toxicating liquors, in violation of the provisions of this act, shall be personally liable, and also liable on his bond filed in the auditor's office, as required by §4 of this act," being §7279 Burns 1894, §5315 Horner 1897, "to any person who shall sustain any injury or damage to his person or property or means of support on account of the use of such intoxicating liquors, so sold as aforesaid, to be enforced by appropriate action in any court of competent jurisdiction." It is manifest that the case at bar is not such an action as contemplated by the last quoted section.   The complaint does not allege any sale, barter, gift, or use of intoxicating liquor.

The statutory provisions to which we have referred are part of an act of March 17, 1875 (Acts 1875 p. 55 *et seq.*), by §17 of which it was provided: "Every place, house, arbor, room or shed, wherein spirituous, vinous or malt liquors are sold, bartered, or given away, or suffered to be drunk, if kept in a disorderly manner, shall be deemed a common nuisance, and the keeper thereof, upon conviction, shall forfeit his license and be fined in any sum not less than $10 nor more than $100;" and it is provided by §2193 Burns 1894, §2097 Horner 1897: "Whoever keeps a place where intoxicating liquors are sold, bartered, given away, or suffered to be drunk in a disorderly manner, to the annoyance or injury of any part of the citizens of this State, shall be fined, for every day the same is so kept, not more than $100 nor less than $10."

It is also provided by statute that whatever is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action, which may be brought by the person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance, and that where a proper case is made, the nuisance may be enjoined or abated, and damages may be re-

covered therefor.    §§290, 291, 292 Burns 1894, §§289, 290, 291 Horner 1897.

If an action would lie upon the bond for the recovery of the amount of a fine assessed for the keeping of a disorderly house, or if such an action would lie in behalf of a person whose property has been injuriously affected, or whose personal enjoyment has been lessened by the keeping of a disorderly house, this action is not based upon such foundation. It is not for the recovery of an amount of loss or damage occasioned by the violation of the law in the keeping of a disorderly house.    Nor is it an action against a master for the wrong of a servant acting in the course and scope of his employment.    It is an action on the bond for loss of maintenance and support occasioned by the distinct crime of murder committed by the servant or agent of the liquor seller in a disorderly house, not the natural and legitimate effect of, or an effect reasonably to be expected from, suffering the house to be disorderly.    The extent to which it was contemplated by the legislature to provide a remedy for loss of maintenance and support, through action on the bond, was expressed in the section above quoted, involving an unlawful sale of intoxicating liquor, and injury or damage sustained to person, property, or means of support on account of the use of such liquor so sold.    What actions may be brought upon the licensed liquor dealer's bond, we need not and do not decide; but, confining our decision to the complaint before us, we are of the opinion that it was insufficient on demurrer.

Judgment affirmed.