## STATE, EX REL. BROUGH, *v.* TERHEIDE ET AL.

[No. 20,838.   Filed June 7, 1906.]

1. **APPEAL AND ERROR.**—*Briefs.*—*Supply of Omitted Record by Appellee.*—Where appellant in its brief omits certain portions of the record necessary to present the alleged errors on appeal, the supply of such omission by appellees in their brief satisfies the rule.   p. 691.

2.  PLEADING. — *Complaint.* — *Intoxicating Liquors.* — *Bonds.* — *Damages.* — *Statutes.* — A complaint alleging that defendant saloon-keeper, by his bartender, on Sunday, sold relator liquor when he was intoxicated, shows a violation of the act of 1875 (Acts 1875 [s. s.], p. 55, §15), providing that the sale of liquor to an intoxicated person shall be a misdemeanor. p. 691.

3.  INTOXICATING LIQUORS.—*Sales.*—*Civil Damages.*—*Statutes.*—*Bonds.*—Section fifteen of the act of 1875 (Acts 1875 [s. s.], p. 55) is still in force so far as it may support a civil action for damages brought under §7288 Burns 1901, §5323 R. S. 1881, Acts 1875 (s. s.), p. 55, §20. p. 693.

4.  SAME. — *Sales.* — *Damages.* — *Direct.* — *Remote.* — A saloon-keeper who sells liquor in violation of the statute (Acts 1875 [s. s.], p. 55, §15) is liable personally and upon his bond for all damages caused directly or remotely by reason of such sales. p. 693.

5.  SAME.—*Sales.*—*Principal and Agent.*—*Damages.*—A saloon-keeper whose bartender sells intoxicating liquor to an intoxicated person is liable personally and upon his bond in damages therefor. p. 693.

6.  PLEADING.—*Complaint.*—*Intoxicating Liquors.*—*Sales.*—*Damages.*—*Cause.*—A complaint showing that defendant unlawfully sold relator, while intoxicated, intoxicating liquors, and that while so intoxicated relator was thrown down by another party in defendant's saloon and injured, is bad for failing to show any causal connection between such illegal sales and such injury. p. 694.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by the State of Indiana, on the relation of Edward Brough, against John Terheide and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*W. R. Myers* and *S. L. Brooks,* for appellant.

*Kittinger & Diven,* for appellees.

JORDAN, C. J.—This is an action to recover on the bond of a retail liquor dealer. Appellee Terheide is the principal on the bond in suit and his coäppellees are sureties thereon. The complaint is in two paragraphs, under each of which damages are claimed by the relator, Edward

Brough, by reason of a personal injury sustained by him on account of the illegal sale to him of intoxicating liquors. Each of the defendants to the action separately demurred to each paragraph of the complaint for insufficiency of facts. The demurrers were sustained to each paragraph and judgment was rendered against appellant on demurrer. The errors herein assigned are predicated upon these rulings of the lower court.

Appellees have moved to dismiss the appeal on the ground of appellant's neglect, in the preparation of the brief, to comply with the rules of this court; but inasmuch as opposing counsel have supplied the omissions attributed to appellant, the motion to dismiss is denied.

The first paragraph of the complaint, after disclosing that appellee Terheide had been duly granted a license by the Board of Commissioners of the County of Madison to retail intoxicating liquors in the city of Anderson, and that he, together with his coäppellees, executed the bond in suit in accordance with the provisions of §7279 Burns 1901, §5315 R. S. 1881, proceeds to allege the following facts: On November 2, 1902, William Tyner was acting as a bartender and agent of the defendant Terheide in the sale of intoxicating liquors in said defendant's saloon. It is averred that up to the time of 3 o'clock p. m. on said day the relator had purchased from said Tyner and drank in said appellee's saloon four glasses of intoxicating liquor, to wit, beer; that at said hour of 3 o'clock upon said day, at the time when he entered said saloon, he was in an extremely drunken and intoxicated condition, which intoxication was in part due to liquors sold to him by said Tyner; that he was partially delirious, and reeled and staggered in walking, all of which facts were then and there well known to said Tyner; that, notwithstanding this knowledge of the latter relative to the relator's intoxicated condition, said Tyner then and there

sold to him one glass of whisky and three glasses of beer, all of which intoxicating liquors were drunk by the relator; that about 4 o'clock in the afternoon of said day, after the relator had drank the intoxicating liquors, as hereinbefore alleged, and while he was in an extremely intoxicated condition as stated, said Tyner, the agent of the defendant Terheide, suffered and permitted Frank Tyner, without cause, provocation or excuse, violently to throw the relator to the floor, whereby his right leg was broken, etc., and by reason thereof he has been damaged, etc.

The second paragraph alleges the same facts as the first, but in addition thereto expressly avers that said November 2, 1902, was the first day of the week, commonly called Sunday; that defendant Terheide unlawfully kept his saloon open for the sale of intoxicating liquors on said day, and by his said agent, William Tyner, sold such liquors in his said saloon to all who applied therefor; that during the greater part of said day his saloon was filled with men who were buying and drinking intoxicating liquors therein; that at the time the relator entered said saloon upon said day, between the hours of 3 and 4 o'clock p. m., it was filled with a large number of drunken and disorderly men, who were drinking intoxicating liquors; that said William Tyner, the agent of defendant Terheide, then and there suffered and permitted Frank Tyner violently to throw the relator to the floor, without cause, provocation or excuse, thereby breaking his right leg, etc., for which damages are demanded.

Section 7279, *supra,* which embraces section four of the act of 1875 (Acts 1875 [s. s.], p. 55), providing for the granting of a license to retail intoxicating liquors, provides that the person obtaining such license shall give a bond in the sum of $2,000, conditioned "that he will keep an orderly and peaceable house, and that he will pay all fines and costs that may be assessed against him for any violations of the provisions of this act, and for the payment of

all judgments for civil damages growing out of unlawful sales, as provided for in this act."

Section 7288 Burns 1901, §5323 R. S. 1881, which is section twenty of said act of 1875, declares that "every person who shall sell, barter, or give away any intoxicating liquors, in violation of any of the provisions of this act, shall be personally liable, and also liable on his bond * * * as required by section four of this act, to any person who shall sustain any injury or damage to his person or property or means of support on account of the use of such intoxicating liquors, so sold as aforesaid."

Each of the paragraphs of the complaint shows that the agent of Terheide sold intoxicating liquors to the relator when the latter was in a state of intoxication, in violation of section fifteen of the act of 1875, *supra.* This 3. section is still in force so far as it aids in support of a civil action under §7288, *supra. Mulcahey* v. *Givens* (1888), 115 Ind. 286; *Homire* v. *Halfman* (1901), 156 Ind. 470; *Baecher* v. *State, ex rel.* (1898), 19 Ind. App. 100.

It follows that appellee Terheide, under the facts, through his agent or bartender, must be held to have violated the provisions of said section fifteen by selling 4. intoxicating liquors to the relator while the latter was in a state of intoxication. Consequently he is shown to have been a wrongdoer and must be held liable personally, or on his bond, as the case may be, for all injuries or damages caused either directly or remotely by reason of said wrongful act. *Homire* v. *Halfman, supra; McCarty* v. *State, ex rel.* (1904), 162 Ind. 218.

The fact that the unlawful sales of the liquors in question were not personally made to the relator by Terheide, the proprietor of the saloon, but were made by his 5. bartender or agent, who at the time had authority to conduct or carry on the saloon business for Terheide, in no sense can be said to relieve appellees herein of

liability on the bond.  They are just as liable and in like manner and to the same extent that they would be had the sales in question been made in person by Terheide, the proprietor of the saloon.  *Nelson* v. *State, ex rel.* (1903), 32 Ind. App. 88, and authorities there cited.

But the principal and fatal infirmity of each paragraph of the complaint is that under the averments thereof no connection whatever with the unlawful sales of the

6.  liquor to the relator and the injury which is sustained by the assault made upon him by Frank Tyner, a third party, is shown.  There are no facts alleged from which it may be legitimately inferred that such sales of liquor in any manner occasioned or resulted in the alleged assault made upon the relator by Frank Tyner. There is an entire absence of any positive averments to establish that Tyner was at the time he assaulted the relator intoxicated by reason of any unlawful sale of liquor made by either Terheide or his agent.

In *State, ex rel.,* v. *Knotts* (1900), 24 Ind. App. 477, the Appellate Court held that there was no liability on the part of a saloon-keeper for damages arising out of the murder of the relator's husband committed by the agent of the retailer in that case, said agent at the time being in charge of the saloon which was then and there kept and maintained in a disorderly manner.  On no view of the case, under the facts alleged in the complaint, can the latter be held to state a good cause of action on the bond in suit. The demurrer, therefore, was properly sustained.

Judgment affirmed.