### The State of Indiana, ex rel. Roe et al., v. Dudley et al.

[No. 7,046. Filed April 21, 1910.]

1. Intoxicating Liquors.—*Illegal Sales.—Loss of Support.—Proximate Cause.—Instructions.*—An instruction that before there can be a recovery for loss of support caused by the illegal sale of liquors it must be shown that such sale was the proximate cause of such loss, is erroneous. p. 675.

2. New Trial.—*Designating Instructions Questioned.*—A motion for a new trial assigning as one reason the giving of certain numbered instructions, and, as another, the giving of certain instructions requested by plaintiff, sufficiently designates the questioned instructions, where two sets of instructions were presented, one by plaintiff, the other by defendants. p. 675.

3. Intoxicating Liquors.—*Illegal Sales.—Loss of Support.—Proximate Cause.—Conflicting Instructions.*—Certain instructions that the alleged illegal sale of liquors must, to warrant a recovery for loss of support, be the proximate cause of such loss, are not cured by others stating that a recovery is warranted, if such sale was the direct or remote result of such loss. p. 676.

From Gibson Circuit Court; *M. W. Fields,* Special Judge.

Action by The State of Indiana, on relation of Anna P.
Roe and others, against James A. Dudley and others. From
a judgment for defendants, plaintiff appeals. *Reversed.*

*Samuel W. Williams, Thomas Duncan, Charles D. Hunt*
and *Gilbert W. Gambill,* for appellant.

*W. A. Cullop* and *George W. Shaw,* for appellees.

COMSTOCK, J.—Appellant instituted this action under §8355 Burns 1908, §5323 R. S. 1881, on a statutory bond executed by appellees, to recover damages alleged to have been sustained to their means of support through the unlawful sales of intoxicating liquors to Henry M. Roe, husband and father of the relators, and on account of which he lost his life.

The cause was put at issue by general denial. The complaint was first filed in the Sullivan Circuit Court, but, after successive changes of venue, was tried in the court below, resulting in a verdict and judgment in favor of appellees.

This is the second appeal. In the former appeal (*Dudley* v. *State, ex rel.* [1907], 40 Ind. App. 74) the judgment was reversed, for the reason that a mandatory instruction, which purported to state all the material facts necessary to relators' recovery, omitted a material fact.

The overruling of appellant's motion for a new trial is assigned as error, and under said assignment relators insist that the court erred in giving to the jury certain instructions hereinafter referred to.

Instructions one, eight, nine and ten, given to the jury at the request of defendants, were to the effect that before plaintiff could recover it must appear by a preponderance of the evidence that the illegal sale of liquor to the decedent was the proximate cause of relators' loss of means of support. These instructions were erroneous. *Greener* v. *Niehaus* (1909), 44 Ind. App. 674; *Homire* v. *Halfman* (1901), 156 Ind. 470; *McCarty* v. *State, ex rel.* (1904), 162 Ind. 218; *State, ex rel.,* v. *Terheide* (1906), 166 Ind. 689; *Nelson* v. *State, ex rel.* (1903), 32 Ind. App. 88.

In appellant's motion for a new trial, reason number six is as follows: "The court erred in giving instructions 1, 2, 4, 6, 7, 8, 9, 10, 11, 13, 15, 21, 22, 28, 29, 30, 31 and 32, and the court erred in giving each one separately of said instructions." Appellees make the point that this is the only assignment that calls in question the action of

the trial court in giving said instructions; that two sets of instructions were presented, each embodying the numbers set out in the motion, one being from one to thirty-six, inclusive, and the other from one to thirty-two, inclusive; that the motion should have been addressed to the instructions requested by defendant, and that for the reasons stated the assignment cannot be considered.

In the motion for a new trial, the fourth and fifth reasons assign the refusal to give certain instructions requested by plaintiffs, among others, one, two and ten, so requested. Assignment number six of said motion avers that the court erred in giving, among others, instructions one, two, eight and ten. The instructions to which the motion was addressed is thus made clear.

In instructions fifteen, twenty-three and thirty, given at the request of plaintiff, the jury was told to find for plaintiff, whether the loss of means of support was the direct or remote result of such intoxication. They are inconsistent with instructions one, eight, nine and ten, given at request of defendants, and were calculated to mislead the jury. *Nickey* v. *Steuder* (1905), 164 Ind. 189; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101; *Cleveland, etc., R. Co.* v. *Snow* (1906), 37 Ind. App. 646; *Somers* v. *Pumphrey* (1865), 24 Ind. 231; *Summerlot* v. *Hamilton* (1889), 121 Ind. 87, 91; *State, ex rel.,* v. *Sutton* (1885), 99 Ind. 300, 307; *Kirland* v. *State* (1873), 43 Ind. 146, 154, 13 Am. Rep. 386.

Objections are urged to other instructions, but we do not deem it necessary to consider them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.