# UNITED STATES FIDELITY AND GUARANTY COMPANY
## v. THE STATE OF INDIANA, EX REL. BALLARD.

[No. 7,132. Filed October 11, 1910.]

1. INTOXICATING LIQUORS.—*Sales to Intoxicated Persons.—Knowledge.—Presumptions.—*Evidence that a saloon-keeper sold liquor to an intoxicated person shows, *prima facie*, that such saloon-keeper knew such person was intoxicated, the presumption being that he knew what was apparent, want of knowledge in such cases constituting a defense. p. 375.
2. INTOXICATING LIQUORS.— *Sales to Intoxicated Persons.— Damages.—Statutes.—*Section fifteen of the act of 1875 (Acts 1875

374    APPELLATE COURT OF INDIANA,

U. S. Fidelity, etc., Co. v. State, ex rel.—46 Ind. App. 373.

[s. s.] p. 55), prohibiting the sale, barter, or gift, of liquor to an intoxicated person, is still in force so far as it supports a civil action under §8355 Burns 1908, §5323 R. S. 1881, giving to any person whose right of support has been injured by reason of the sale of liquor to any intoxicated person, a right of action on the bond of the saloon-keeper. p. 376.

3. INTOXICATING LIQUORS.— Sales to Intoxicated Persons.— Damages.—Direct and Remote.—Evidence.—In an action for damages caused by the sale of liquor to an intoxicated person, it is only necessary to prove that the liquor sold contributed to the intoxication and that the damages were either directly or remotely caused thereby. p. 377.

4. TRIAL.— Instructions.— Inapplicability.— An instruction not applicable to the evidence should be refused. p. 377.

5. INTOXICATING LIQUORS.—Sales to Intoxicated Persons.—Outside of Saloons.—Bonds.—Liability.—The surety on a saloon-keeper's bond is liable for unlawful sales made to intoxicated persons in a room outside of the saloon proper. p. 377.

From Gibson Circuit Court; O. M. Welborn, Judge.

Action by The State of Indiana, on relation of Stella Ballard and another, against the United States Fidelity and Guaranty Company. From a judgment for plaintiff, defendant appeals. Affirmed.

M. W. Fields and A. L. Gray, for appellant.

R. W. Armstrong and Thomas Duncan, for appellee.

COMSTOCK, C. J.—The State of Indiana, on relation of Stella Ballard and Amanda Ballard, brought this action against appellant to recover for the breach of a statutory bond. It is alleged in the complaint that in April, 1906, William R. Fuller (now deceased) obtained from the board of commissioners a license to sell intoxicating liquors at Hillham, Dubois county, Indiana, for a term of one year; that he executed the bond in suit and filed it with the auditor of said county, with appellant as surety thereon, conditioned that he would keep an orderly house and pay all judgments for civil damages accruing out of any unlawful sales, as provided for by the laws of this State.

The complaint further alleges that said Fuller, while doing business under said license on December 22, 1906,

unlawfully sold and delivered intoxicating liquor to Knoefel Line, while said Line was in a state of intoxication; that while said Line was so intoxicated and in a drunken condition by reason of the intoxicating liquors so unlawfully sold and delivered to him, as before stated, said Line shot and killed Charles Ballard, brother of the relatrixes, whereby they were injured in their means of support.

The cause was put at issue by a general denial, submitted to a jury for trial, resulting in a verdict and judgment for plaintiff in the sum of $400 as to relatrix Stella Ballard, and a judgment for defendant as to relatrix Amanda Ballard.

Appellant relies for reversal on the overruling of its motions for a new trial and in arrest of judgment.

Under the first specification of error, counsel for appellant have discussed only the sufficiency of the evidence to sustain the verdict, the giving of the third instruction by the court upon its own motion, and the refusing to give the thirteenth instruction requested by appellant. Other alleged errors are therefore waived.

Said third instruction reads as follows: "By another section of the statute on the subject of intoxicating liquors [§2484 Burns 1908, Acts 1905 p. 584, §573] it is provided: 'Whoever sells, barters or gives away any spirituous, vinous, malt or other intoxicating liquor to any person at the time in a state of intoxication, knowing him to be in a state of intoxication, shall on conviction be fined.' It has been decided and is the law of this State, that when a sale or gift has been proven and that the purchaser was at the time in a state of intoxication, this is sufficient, *prima facie*, to make out a case of unlawful sale or gift, so far as the question of the intoxication of the party is concerned. When the fact of intoxication is shown, the law will presume the seller knew it. Whether or not an individual is in a state of intoxication is a fact ordinarily open to the perception of others, and persons intrusted with the sale of intoxicating liquor must take notice of the condition of

those who apply for it.    If the degree of intoxication should be so slight as not to be noticeable to the seller, or if, on account of concealment, deception, or any other peculiarity in any case, it should escape detection—although reasonable care was exercised—it would be a legitimate defense to make such facts appear.''

It is insisted that in this instruction the court invaded the province of the jury.    The point is made that the instruction is defective, because the statute provides that it is unlawful knowingly to sell intoxicating liquor to a person intoxicated; and that, in effect, this instruction told the jury that it was unnecessary to prove knowledge on the part of the seller.

The action is founded upon section twenty of ''An act to regulate and license the sale of spirituous, vinous and malt and other intoxicating liquors,'' etc., approved March 17, 1875 (Acts 1875 [s. s.] p. 55), which is as follows: ''Every person who shall sell, barter, or give away any intoxicating liquors in violation of any of the provisions of this act, shall be personally liable, and also liable on his bond,    *    *    *    to any person who shall sustain any injury or damage to their [his] person or property, or means of support on account of the use of such intoxication [intoxicating] liquors, so sold,'' etc.    §8355 Burns 1908, §5323 R. S. 1881.    Section fifteen of said act reads in part as follows: ''Any person who shall sell, barter, or give away any spirituous, vinous or malt liquors to any person at the time in a state of intoxication, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined,'' etc. *Homire* v. *Halfman* (1901), 156 Ind. 470.

The last section quoted is still in force, so far as it aids in support of a civil action under §8355, *supra*.    *State, ex rel.* v. *Terheide* (1906), 166 Ind. 689; *Mulcahey* v. *Givens* (1888), 115 Ind. 286.

''Under the act it is necessary that two facts should concur besides the sale or gift of the liquor by the defendant to con-

MAY TERM, 1910. 377

U. S. Fidelity, etc., Co. *v.* State, ex rel.—46 Ind. App. 373.

stitute a cause of action, to wit, intoxication resulting from its use in whole or in part, and the loss of the means of support by the plaintiff in consequence of such intoxication. * * * The statute makes no distinction whether the loss of the means of the support is the direct or remote result of the intoxication. It only requires that it should be established that the loss of the means of support is the result of such intoxication." *Homire* v. *Halfman, supra.* See also *McCarty* v. *State, ex rel.* (1904), 162 Ind. 218; *State, ex rel.,* v. *Terheide, supra; Nelson* v. *State, ex rel.* (1903), 32 Ind. App. 88; *Dudley* v. *State, ex rel.* (1907), 40 Ind. App. 74; *Greener* v. *Niehaus* (1909), 44 Ind. App. 674.

There was no error in refusing to give the thirteenth instruction, because there was no evidence to which it was applicable.

The only remaining question before us is, Is the evidence sufficient to sustain the verdict? The controversy upon this question grows out of the fact that there is evidence that the sale of intoxicating liquor was not made in the room in which said Fuller was licensed to sell.

The evidence shows that Fuller did business on the entire lower floor of a two-story building. This lower floor was divided into two rooms, by a partition, extending east and west, in which there was a door. He conducted a saloon in the north end of the room and a restaurant in the south end. His license authorized him to sell intoxicating liquors in the north room. There was evidence that the liquor sold by Fuller was delivered to said Line in the restaurant and was there drunk. As this was not the room in which he was licensed to sell intoxicating liquors, appellant insists that, as a guarantor, it was not liable.

For practical purposes the lower floor was one room. Appellant obligated itself at the time it went on Fuller's bond that he would not sell, barter or deliver intoxicating liquor to any one in a state of intoxication. The spirit of the obliga-

tion is that the licensee will not sell liquor during the life of his license, in violation of law, and not use the grant to violate the law. It is a violation of law to sell intoxicating liquor to an intoxicated person in or outside of the building described in the license.

Judgment affirmed.