## AMERICAN SURETY COMPANY OF NEW YORK *v.* STATE OF INDIANA, EX REL. SOUERS ET AL.

### [No. 7,624. Filed May 28, 1912.]

1. PLEADING.—*Plea in Abatement.—Requirements.*—To be sufficient a plea in abatement must contain the utmost fullness and particularity of statement, so that there is nothing to be supplied by intendment or construction and so as to leave no supposable special answer unobviated. p. 480.

2. PLEADING.—*Plea in Abatement.—Sufficiency.—Another Action Pending.*—A plea in abatement on the ground of another action pending must show clearly that the action pending is for the identical cause of action as that involved in the cause which is sought to be abated, and that it is between the same parties or their privies. p. 481.

3. INTOXICATING LIQUORS.—*Unlawful Sales.—Sales by Different Persons.—Joint or Separate Liability.—Right to Maintain Separate Concurrent Actions.*—The basis of an action on the bond of a saloon-keeper sounds in tort, so that where unlawful sales of

intoxicating liquor, made by different saloon keepers, result in a single cause of action, the wrongdoers may be proceeded against either jointly or separately, and where separate actions are brought, the same may be prosecuted concurrently until judgment, but one satisfaction will bar further proceedings in the other actions. p. 481.

4. INTOXICATING LIQUORS.—*Unlawful Sales.—Action for Damages.—Plea in Abatement.—Sufficiency.—Another Action Pending.—Answer in Bar.*—In an action brought on the relation of a wife and children against the surety on a saloon-keeper's bond to recover for injury to their means of support resulting from an unlawful sale of liquor, the liability of such surety is grounded in the saloon-keeper's liability as principal, so that a plea in abatement by the defendant surety was insufficient which alleged that such wife had instituted an action on a similar bond executed by another saloon-keeper with the defendant surety as surety thereon, and in which plaintiff alleged the same grounds for recovery as alleged in the action in which such plea was filed, and which action was pending at the time the latter cause came up for trial, and the demurrer to such plea and also a demurrer to a paragraph of answer presenting the same facts as matter in bar of the action were properly sustained. p. 481.

5. INTOXICATING LIQUORS.—*Unlawful Sales.—Action for Damages.—Right to Maintain Action.—Effect of Election Under Local Option Law.*—Under the provisions of §243 Burns 1908, §243 R. S. 1881, that no vested rights, or suits instituted, under existing laws shall be affected by the repeal thereof, and under §248 Burns 1908, §248 R. S. 1881, providing that the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred thereunder unless the repealing act shall expressly so provide, a right to maintain an action on the bond of a saloon-keeper under the provisions of §§8355 Burns 1908, §5323 R. S. 1881, for the unlawful sale of liquor resulting in injury to plaintiffs' means of support, is not affected by the fact that in the county in which the action accrued an election was subsequently held under the provisions of the county local option law (Acts 1908 [s. s.] p. 4) and resulted in prohibiting the sale of intoxicating liquors, even if said act could be construed as repealing the act of 1875 of which §8355 Burns 1908, §5323 R. S. 1881, is a part. p. 481.

6. TRIAL.—*Answers to Interrogatories.—Conflict.*—Where answers to interrogatories favorable to the unsuccessful party are in conflict with other answers adverse to his contention, they will not support a motion for judgment thereon. p. 484.

7. INTOXICATING LIQUORS.—*Unlawful Sale.—Action for Damages.—Evidence.—Admissibility.*—In an action brought under the pro-

visions of §8355 Burns 1908, §5323 R. S. 1881, on the bond of a saloon-keeper, for injury to plaintiffs' means of support by the unlawful sale of liquor to the husband and father of the plaintiffs, he having been imprisoned for a homicide alleged to have been committed while intoxicated, evidence of his threat to kill the decedent before morning was properly admitted in behalf of plaintiffs on the question of his intoxication, although such threat was made out of the presence of the defendants, and although he had stated, while testifying as a witness for plaintiffs, that the killing was in self-defense.   pp. 485, 486.

8. INTOXICATING LIQUORS.—*Unlawful Sale.—Injury to Means of Support.—Direct or Remote Results.*—The injury or damage to means of support, for which an action lies under §8355 Burns 1908, §5323 R. S. 1881, in favor of one injured in means of support by the unlawful sale of intoxicating liquor, may be the direct or remote result of such unlawful sale.   p. 486.

9. APPEAL.—*Trial.—Discretion of Trial Court.—Order of Proof.*— The order of the admission of evidence is ordinarily a matter within the sound discretion of the trial court, and will furnish no ground for reversal unless there has been a clear abuse of such discretion.   p. 488.

10. APPEAL.—*Harmless Error.—Exclusion of Evidence.*—No available error is presented on the exclusion of evidence where the record shows that the witness afterwards answered the question excluded.   p. 488.

11. INTOXICATING LIQUORS.—*Unlawful Sales.—Action for Damages. —Evidence.—Admissibility.—Pendency of Other Actions.*—In the trial of an action on the bond of a saloon-keeper for injury to the means of support of a wife and children caused by the unlawful sale of liquor, evidence that the wife had filed other actions against other saloon-keepers was properly excluded.   p. 489.

12. INTOXICATING LIQUORS.—*Unlawful Sales.—Action for Damages. —Instructions.*—In an action on the bond of a saloon-keeper under §8355 Burns 1908, §5323 R. S. 1881, for injury to means of support resulting from the unlawful sale of liquor, where the husband and father of the plaintiffs was imprisoned for homicide alleged to have been committed while he was intoxicated, and the defense was that the killing was in self-defense and not the result of such unlawful sale of liquor, it was proper to instruct the jury that if self-defense and the use of the intoxicating liquors unlawfully sold combined as causes impelling the killing and each operated to a material degree in bringing it about, then, if the other facts necessary to a recovery by plaintiffs are established by a fair preponderance of the evidence, plaintiffs are not precluded from recovering simply because self-defense constituted one of the causes of the homicide.   p. 489.

13. INTOXICATING LIQUORS.—*Unlawful Sale.—Action for Damages.* —*Instructions.*—In an action on the bond of a saloon-keeper for injury to means of support resulting from the unlawful sale of intoxicating liquor, where the husband and father of plaintiffs had been imprisoned for homicide, an instruction that if plaintiffs' husband and father acted solely in self-defense, and that the liquor sold him did not contribute toward causing the homicide, the verdict should be for the defendant, but that the question as to whether the use of liquors sold, if any such sale was made, contributed toward causing the homicide, was for the jury to determine from all the evidence, and that any claims by the husband and father of plaintiffs that he had acted in self-defense would not necessarily preclude a finding for the plaintiffs, was not erroneous in failing to require a finding that the sale of liquor was unlawful, where that element was submitted in another instruction, nor was the instruction improper in referring to the claims of self-defense as "claims" and not as evidence.   p. 489.

14. INTOXICATING LIQUORS.—*Unlawful Sale.—Action for Damages.* —*Instructions.—Refusal.*—In an action on the bond of a saloon-keeper for damages resulting from the unlawful sale of intoxicating liquor, where the evidence was that the sale was not made by the saloon-keeper, but by his bartender, an instruction was properly refused which stated that before any recovery could be had by the plaintiffs, it must be shown by a fair preponderance of the evidence that the defendant saloon-keeper sold the intoxicating liquors.   p. 491.

15. INTOXICATING LIQUORS.—*Unlawful Sales.—Liability.—Sales by Employe of Saloon-keeper.*—In cases of injury resulting from the unlawful sale of intoxicating liquors, a liability exists on the bond of the saloon-keeper although the sale may not have been made by him in person, but by some one authorized to make sales and conduct the business generally.   p. 491.

16. INTOXICATING LIQUORS.—*Unlawful Sales.—Action for Damages.* —*Instructions.—Refusal.*—Where in an action on the bond of a saloon-keeper for injury to means of support resulting from an unlawful sale of liquor to the husband and father of plaintiffs, he having been imprisoned for a homicide alleged to have been committed while he was intoxicated, it was claimed that the homicide was committed in self-defense and not as the result of such sale of liquor, an instruction was properly refused which attempted to define the law of self-defense, but which omitted the element requiring a person, who invokes its aid to acquit himself of the charge of murder, to be himself without fault. p. 491.

17. INTOXICATING LIQUORS.—*Unlawful Sales.—Action for Damages.* —*Instructions.—Issues.*—In an action on the bond of a saloon-

keeper for damages resulting from the unlawful sale of liquor, where no issue was tendered denying the execution of the bond, an instruction that proof of such execution was necessary to a recovery by plaintiffs was properly refused.  p. 491.

18. APPEAL.—*Review.—Harmless Error.—Refusal to Submit Interrogatories.*—The refusal to submit certain interrogatories is not prejudicial error, where in the main such interrogatories called for items of evidence, or related to collateral or immaterial matters, although some of them might have been properly submitted.  p. 492.

19. APPEAL.—*Presenting Question for Review.—Motion for New Trial.—Interrogatory Not Sustained by Sufficient Evidence.*—No question is presented by a motion for a new trial on the ground that a certain interrogatory is not sustained by sufficient evidence. p. 492.

20. APPEAL.—*Review.—Verdict.—Sufficiency of Evidence.*—A cause will not be reversed for insufficiency of the evidence to sustain the verdict, where there was some evidence to warrant the finding of the jury.  p. 492.

From Whitley Circuit Court; *Luke H. Wrigley,* Judge.

Action by the State of Indiana on the relation of Retta Souers and others against the American Surety Company of New York.  From a judgment for plaintiffs, the defendant appeals.  *Affirmed.*

*Gates & Whiteleather, Watkins & Butler,* for appellant.

*John S. Branyan, W. F. McNagny, Lesh & Lesh,* for appellees.

HOTTEL, C. J.—Appellee Retta Souers is the wife, and the other appellees are the children of Thomas Souers, and this action was brought by the State, with said appellees as relators, to recover on a saloon-keeper's bond, executed by John S. Brown as principal and appellant as surety.

The action is based on §8355 Burns 1908, §5323 R. S. 1881, and the breach or violation of duty by the principal of the bond relied on, as creating the liability alleged in the complaint, is the unlawful sale of liquor to said Thomas Souers at a time when he was intoxicated, resulting in a loss to the relators of their means of support.

A trial by jury resulted in a verdict for appellees in the sum of $1,500.

The complaint avers, in substance, that, as a result of said unlawful sale to said Souers, when he was in said intoxicated condition, he became so extremely intoxicated that he was irritable, crazed and frenzied, and while in such condition engaged in a quarrel with Benjamin Thomas, and shot and killed him; that on account of such killing said Souers was indicted, tried, convicted and sent to the state prison, and that the relators were thus deprived of their means of support.

It is conceded by appellant that the complaint follows that of *Homire* v. *Halfman* (1901), 156 Ind. 470, 60 N. E. 154, and as no objection to its sufficiency is urged, we need give it no further notice.

The first question presented by this appeal is the alleged error of the trial court in sustaining a demurrer to appellant's first plea in abatement. The substance of this plea is that at the time appellees commenced this action, appellee Retta Souers filed a suit on a similar bond executed by another saloon-keeper, viz., Harvey Gill, as principal, and appellant as surety thereon, and therein alleged the same grounds for recovery which form the basis of the complaint at bar; that said suit was venued to the Wells Circuit Court, and was there pending at the time this cause came up for trial.

A plea in abatement to be sufficient must contain "the utmost fullness and particularity of statement, as well as the highest attainable accuracy and precision, leaving, on 1. the one hand, nothing to be supplied by intendment or construction; and on the other, no supposable special answer unobviated." *Needham* v. *Wright* (1895), 140 Ind. 190, 193, 194, 39 N. E. 510. See, also, *Board, etc.,* v. *Lafayette, etc., R. Co.* (1875), 50 Ind. 85, 117; *Kelley* v. *State* (1876), 53 Ind. 311, 312; 1 Am. and Eng. Ency. Law 11 and notes; *Lechner* v. *Strauss* (1912), ante 414, 98 N. E. 444.

When such plea is based on the ground of another action,

it must show clearly that the suit pending is for the identical cause of action as that involved in the cause which

2. is sought to be abated, and that it is between the same parties or their privies. *Needham* v. *Wright, supra; Bryan* v. *Scholl* (1887), 109 Ind. 367, 10 N. E. 107; *Praxton* v. *Vincennes Mfg. Co.* (1898), 20 Ind. App. 253, 50 N. E. 583.

Although this is a suit on a bond, the basis of the action sounds in tort, and appellees were entitled to proceed against all the wrongdoers, either jointly or separately, and

3. where separate actions are brought, the same may be prosecuted concurrently until judgment has been reached, but one satisfaction is a bar to further proceedings on the same cause of action. *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 535, 87 N. E. 723; *Cleveland, etc., R. Co.* v. *Hilligoss* (1908), 171 Ind. 417, 423, 86 N. E. 485, 131 Am. St. 258; *Indianapolis Traction, etc., Co.* v. *Holtzclaw* (1907), 40 Ind. App. 311, 81 N. E. 1084.

Appellant's liability as surety is grounded in Brown's liability as principal, and the case at bar is prosecuted by additional plaintiffs on a different bond, and is based on a

4. different sale of liquor made at a different time and place from that of the action against Gill. The Gill action could not, therefore, serve to abate the present action as to either Brown or appellant.

For the reasons indicated, the demurrer to the first plea in abatement was properly sustained, as was also the demurrer .to appellant's third paragraph of answer, which presented the same defense as a bar to this action.

A second plea in abatement was filed by appellant, the substance of the averments of which, in brief, was that subsequent to the occurrence of the matters alleged in ap-

5. pellees' complaint, the voters of Huntington county, at a special election under the county local option law (Acts 1908 [s. s.] p. 4), voted to prohibit the sale of intoxica-

ting liquors as a beverage in said county; "that by reason of such election and by reason of the act of said special session of 1908 of the General Assembly, the former law of this State regarding the regulating and issuing of licenses * * * was repealed and the said act of the special session of 1908 contained no clause saving pending litigation or providing for a continuance of the act of 1875 * * * for any purpose whatever."

The ruling of the court below in sustaining a demurrer to this plea presents the second error relied on.

Appellant urges that the local option law of 1908, *supra,* repealed or suspended the act of 1875 (Acts 1875 [s. s.] p. 55, §8355 Burns 1908), under which the bond sued on was issued, and that any suit based on said bond would abate because of the repeal or suspension of the law.

Section 12 of said act of 1908 provides: "Nothing contained in the provisions of this act shall affect, amend, repeal or alter in any way the act entitled 'An act to better regulate and restrict the sale of intoxicating, * * *' liquors,' * * * * * approved March 11, 1895, nor the act to amend section nine of the above mentioned act approved February 15, 1905, nor of any law or ordinance which prohibits throughout any township, ward or any residence district the sale of intoxicating liquors, but this act shall be deemed additional and supplemental thereto." Although this §12 does not expressly mention the act of 1875 as among the acts expressly saved from repeal yet the closing language of said section indicates that the intention of the legislature was that the act of 1908 should be additional and supplemental to the existing law on the same subject.

But assuming, without deciding, that the act of 1908, *supra,* had the effect of repealing the act of 1875, *supra,* it in noway deprived appellees of their right to maintain this action.

Section 248 Burns 1908, §248 R. S. 1881, provides that "the repeal of any statute shall not have the effect to release

or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.''

Appellant relies on the case of *Taylor* v. *Strayer* (1906), 167 Ind. 23, 78 N. E. 236, 119 Am. St. 469, to take this action out of the operation of the section of statute last quoted. That case involved the establishment of a drain, and while the cause was pending in the lower court, the General Assembly passed a new drainage law, and repealed all prior drainage statutes. On appeal, counsel for appellees attempted to invoke the saving provisions of the statute above quoted, but the Supreme Court said, at page 30: ''It is manifest that §248, *supra* [§248 Burns 1901, 248 R. S. 1881], has no application to any feature of this case, *but only relates to penalties, forfeitures and kindred liabilities.''* (Our italics.)

In this connection we may remark that, for the purpose of this appeal, appellant is in no position to insist that the ''*liability*'' on the bond herein sued on is not akin to a ''*penalty,*'' because a large portion of one of the pages of its brief is taken up with propositions and authorities cited to the effect that the recovery which the statute authorizes in cases of this kind is penal in character.

Again §243 Burns 1908, §243 R. S. 1881, provides: ''No rights vested, or suits instituted, under existing laws shall be affected by the repeal thereof, but all such rights may be asserted, and such suits prosecuted, as if such laws had not been repealed.''

This is a suit on a bond. The condition of the bond, for the breach or violation of which the action was brought, is charged to have been broken at a time previous to the enactment of the local option law of 1908, and the liability for such breach had therefore accrued before the passage of such

act, and would not, under the provisions of the sections of the statute, *supra,* and the authorities construing the same, be affected by such act. *State, ex rel.,* v. *Helms* (1893), 136 Ind. 122, 35 N. E. 893; *Hochstettler* v. *Mosier Coal, etc., Co.* (1893), 8 Ind. App. 442, 35 N. E. 927; *State, ex rel.,* v. *Halter* (1898), 149 Ind. 292, 300, 302, 47 N. E. 665, 49 N. E. 7; *Starr* v. *State, ex rel.* (1898), 149 Ind. 592, 594, 595, 49 N. E. 591; *City of Indianapolis* v. *Ritzinger* (1900), 24 Ind. App. 65, 77, 56 N. E. 141.

The sections of statute and authorities cited justified the ruling of the court below on the demurrer to the second plea in abatement, and to the second paragraph of answer which raised the same question.

With its general verdict the jury returned answers to interrogatories, and a motion was made by appellant for judgment thereon, which was by the court overruled. This ruling presents another alleged error relied on and urged by appellant.

The jury in its said answers found that when Thomas Souers reached Troy City, where the shooting occurred, he went to a store to return a borrowed overcoat; that there was no evidence that he went to said store for any other purpose, and that he did not know that Benjamin Thomas was in the store when he entered it to return the borrowed overcoat. Other interrogatories show some of the details of the quarrel and shooting, but in answer to the twenty-ninth interrogatory, the jury expressly found that Souers did not shoot and kill Thomas in self-defense.

In so far as the answers to the interrogatories are favorable to appellant, they are in conflict with other answers adverse to its contention, and their effect is thereby

6.  nullified, and will not, therefore, support a motion for judgment thereon. *Fitzmaurice* v. *Puterbaugh* (1897), 17 Ind. App. 318, 45 N. E. 524; *Davis* v. *Reamer* (1886), 105 Ind. 318, 4 N. E. 857; *Shuck* v. *State, ex rel.* (1893), 136 Ind. 63, 35 N. E. 993.

The admission of certain evidence is urged as ground for reversal. One of appellees' witnesses was asked the following question: "You may tell the jury whether

7. or not he (referring to Souers) was making any threats against Benjamin F. Thomas," to which the witness answered, over appellant's objection: "Yes, sir. He said he would kill him before morning. He bet $20 he would kill him before morning." It is earnestly insisted by appellant that this statement being made out of the presence of the principal and surety on the bond, they should not be bound thereby, and that, inasmuch as appellees' own witness, Souers, had testified that he did the shooting in self-defense, it was an effort to impeach such witness without laying the foundation therefor. Appellees, upon the other hand, insist that the evidence was proper to go to the jury as one of the facts showing that Souers was intoxicated, and on which the witness based his opinion so given to the jury.

The answer was not responsive to the question asked. The question asked simply called for a "yes" or "no" answer as to whether Souers was making any threats against Thomas, and did not ask for a statement of what the threats were. The objection made to the question was that "the defendants and neither of them are bound by the statement made to another witness in their absence." There was no objection to the answer, and no motion to strike it out as not being responsive to the question. It is questionable, therefore, whether this ground of the motion for new trial is presented by the record. *Continental Casualty Co.* v. *Lloyd* (1905), 165 Ind. 52, 65, 73 N. E. 824; *Vickery* v. *McCormick* (1889), 117 Ind. 594, 596, 20 N. E. 495.

But, assuming that the question is properly presented, we are of the opinion that no error was committed in admitting the evidence.

This court in the case of *Berkemeier* v. *State, ex rel.,* (1909), 44 Ind. App. 1, 6, 88 N. E. 634, 636 said: "Three

acts are necessary to establish this cause of action: (1) The sale or gift of the liquor by the appellants; (2) intoxication resulting from its use, in whole or in part; (3) the loss of the means of support by the relators in consequence of such intoxication.''

It would seem that this evidence was admissible as tending to prove the second element, *supra,* of the cause of action, but even if it were not admissible for such purpose, we think it was proper as affecting the third element.

The section of the statute on which the action is based makes the damages to be recovered depend on the injury to the plaintiffs' means of support. *Berkemeier* v. *State, ex rel., supra; American Surety Co.* v. *State, ex rel.* (1910), 46 Ind. App. 126, 90 N. E. 99, 91 N. E. 624; *Nelson* v. *State, ex rel.* (1903), 32 Ind. App. 88, 90, 69 N. E. 298; *Homire* v. *Halfman* (1901), 156 Ind. 470, 474, 60 N. E. 154.

This injury or damage may be the direct or remote result of such unlawful sale. *U. S. Fidelity, etc., Co.* v. *State, ex rel.* (1910), 46 Ind. App. 373, 92 N. E. 691, 692; *State, ex rel.,* v. *Terheide* (1906), 166 Ind. 689, 693, 78 N. E. 195; *Mulcahey* v. *Givens* (1888), 115 Ind. 286, 17 N. E. 598; *Homire* v. *Halfman, supra; Nelson* v. *State, ex rel., supra; McCarty* v. *State, ex rel.* (1904), 162 Ind. 218, 222, 70 N. E. 131; *State, ex rel.,* v. *Dudley* (1910), 45 Ind. App. 674, 91 N. E. 605, 606.

In this case the direct cause of the injury to appellees' means of support was the imprisonment of Souers, the husband and father. Such imprisonment was the direct result of the crime, with the commission of which he was found guilty. Whether such imprisonment, with the resulting loss to appellees of their means of support, was the remote result of the unlawful sale of intoxicating liquors to Souers, therefore, necessarily depended on whether the crime for which Souers was convicted was the direct result of such unlawful sale. If the evidence be of a

character to show that such unlawful sale in fact caused Souers to commit the crime for which he was imprisoned, then the causal connection between such sale and the imprisonment as the remote result would be shown, and appellees would be entitled to recover. If, on the other hand, the evidence showed that some influence other than the effect of the liquor induced the killing, and that the unlawful sale of the liquor had nothing to do with the same, then there would be a failure to show any causal connection, and appellees would fail in their action.

Applying these observations to this case, the importance and competency of the evidence objected to, we think, becomes apparent. Appellant defended this action on the theory that Souers killed Thomas in self-defense, uninfluenced by the effect of any liquor sold to him. The court below, properly, we think, allowed this proof, and allowed appellant to go behind the judgment of conviction, which was *prima facie* evidence that the killing was not in self-defense. Souers himself testified that he did the shooting in self-defense. If this evidence of self-defense, was proper, and appellant is insisting that it was, then we think it follows necessarily that the admitted evidence of which complaint was made was proper as tending to rebut such theory. This evidence was clearly admissible in the trial of the criminal case for the purpose of showing intent, malice, motive or disposition and frame of mind on the part of Souers in the commission of the crime for which he was imprisoned, and which resulted in the loss of the support herein sued for. *Parker* v. *State* (1894), 136 Ind. 284, 286, 35 N. E. 1105; *Wheeler* v. *State* (1902), 158 Ind. 687, 698, 63 N. E. 975; *Reed* v. *State* (1850), 2 Ind. 438; *State* v. *Brown* (1905), 188 Mo. 451, 87 S. W. 519; *Glass* v. *State* (1906), 147 Ala. 50, 55, 41 South. 727.

This evidence being proper and competent to go to the jury trying the criminal cause for its consideration in determining whether Souers in fact acted in self-defense when he

shot decedent, or whether he was guilty as charged, it follows, necessarily, that the jury trying the civil action, for the purpose of determining whether the imprisonment is the remote cause of such unlawful sale, should have before it the same evidence affecting said question.

There was no objection to the offered evidence on the ground that it was not admissible as evidence for appellees in their case in chief, and in any event the order of the admission of evidence is ordinarily a matter within the sound discretion of the trial court, and will furnish no ground for reversal, unless there has been a clear abuse of such discretion. *Louisville Underwriters* v. *Durland* (1890), 123 Ind. 544, 552, 24 N. E. 221, 7 L. R. A. 399; *Miller* v. *Coulter* (1901), 156 Ind. 290, 294, 59 N. E. 853.

The exclusion of certain evidence is also urged as error. The witness Souers at the trial on cross-examination by appellant testified that he had claimed that he shot Thomas in self-defense, and answered further that he was "scared and drunk".

The deposition of Souers had been taken while he was in the penitentiary, and appellant asked the witness, in substance, if he had not stated in his deposition that he was scared and thought he (Thomas) was very drunk himself, and might kill him. An objection to this question was sustained. The only part of the answer of the witness in his deposition which could be said to contradict and impeach his testimony given at the trial was that part of the same which attributed his fear of danger to *Thomas's being drunk*, while at the trial his statement was that *he, the witness, was drunk.*

The record discloses that the witness afterwards answered this part of the question. No available error on this question is therefore presented by the record.

The refusal to permit appellant to prove by appellee Retta Souers, on cross-examination, that she had filed suits

against other saloon-keepers is also urged as error. For the reasons already expressed in holding the answers tendering such defense insufficient, we think this evidence was properly excluded.

Alleged error in giving certain instructions is next urged by appellant. Among the instructions objected to are the fifth and sixth given by the court. The fifth instruction enumerates all the elements necessary to entitle appellees to recover under the authorities herein cited. In fact, appellant makes no objection to this part of the instruction, but its objection goes to the concluding part of the same, which is as follows: "If self-defense on the part of Souers and the use by him of intoxicating liquors illegally sold to Souers by Brown or his agent, combined as causes impelling Souers to kill Thomas, and each of these things operated to a material degree towards bringing about such killing, then, if the other facts necessary to a recovery by the plaintiff, are established by a fair preponderance of the evidence, the plaintiff will not be precluded from recovering simply because self-defense constituted one of the causes bringing about the killing of Thomas."

A saloon-keeper who sells intoxicating liquors in violation of §8355 Burns 1908, §5323 R. S. 1881, is, under the authorities hereinbefore cited, liable personally and on his bond to those injured in their means of support for all damages caused directly or remotely by such sales.

In view of the theory of defense, and the evidence in this case, we think the instruction given was proper and as favorable to appellant as such authorities warrant.

The part of the sixth instruction necessary to an understanding of appellant's objections thereto is as follows: "If Souers, in killing Thomas, acted solely in self-defense, and the use of liquor, sold to Souers by Brown or his agent, did not contribute towards causing Souers to kill Thomas, then you should find for the defendants. But the question as to whether or not the use

of liquors, sold to Souers by Brown or his agent, if any such sale was made, contributed toward causing Souers to kill Thomas, is a question of fact for you to determine from all the evidence in the cause, and the facts, if such be the facts, that Souers claims to have acted in self-defense in killing Thomas, or that Souers at the time of such killing, believed that Thomas was about to do him great bodily harm, do not of themselves, necessarily preclude a finding on your part in favor of the plaintiff on this branch of the case. Neither does the fact, that Souers, for the killing of Thomas, was convicted of felonious homicide necessarily preclude you from finding in this case, if you think such finding justified by the evidence, that Souers acted solely in self-defense in killing Thomas.''

It is urged against this instruction that it omits the element that the sale of liquor must have been unlawful, and that it treats the ''claims of Souers as claims'', not as evidence, and assumes that if the killing were justified from the evidence the defendant would still be liable for the miscarriage of justice and the wrong suffered by Souers from his conviction.

In answer to the first objection it is sufficient to say that the instruction does not attempt to state the entire law of the case, but only the law applicable to one branch thereof. The evidence of Souers was that he claimed to have acted in self-defense, and the court in the instruction gave appellant the benefit of such claim.

We think the instruction is not open to the objections urged against it.

No sufficient ground of objection is pointed out to the other instructions given.

The refusal to give certain instructions which it tendered is next urged by appellant, viz., error in refusing to give the second, fourth and fifth.

It is conceded that the court ''attempted'' to cover the second instruction in the court's sixth instruction. This

second instruction was properly refused in any event, because it told the jury that before any recovery could be had by the appellees, "it must be shown by a fair preponderance of the evidence that the *defendant Brown* sold intoxicating liquors" to Souers, etc.

The evidence was that the sale was made not by Brown but by his bartender. In cases of this character liability exists although the unlawful sales may not have been made by the saloon-keeper in person, but by some one authorized to make sales and conduct the business generally. *Nelson* v. *State, ex rel., supra,* 92; *Voss* v. *State, ex rel.* (1894), 9 Ind. App. 294, 36 N. E. 654; *Reath* v. *State, ex rel.* (1896), 16 Ind. App. 146, 44 N. E. 808; *State, ex rel.,* v. *Terheide, supra,* 693; *Berkemeier* v. *State, ex rel., supra; Keedy* v. *Howe* (1874), 72 Ill. 133; Black, Intox. Liquors §298; *Peterson* v. *Knoble* (1874), 35 Wis. 80.

Though it be conceded that in law the acts of the agent are the acts of the principal, yet under the evidence in this case, the instruction as tendered would have been necessarily misleading and harmful to appellees.

The fourth instruction tendered undertook to define the law of self-defense, and omitted the essential element requiring the person who invokes its aid, to acquit himself of the charge of murder, to be himself without fault, and was, therefore, properly refused. *Story* v. *State* (1885), 99 Ind. 413; *Smurr* v. *State* (1886), 105 Ind. 125, 4 N. E. 445; *Deal* v. *State* (1895), 140 Ind. 354, 362, 39 N. E. 930; *Deilks* v. *State* (1895), 141 Ind. 23, 26, 40 N. E. 120.

There was no issue tendered denying the execution of the bond, and the fifth instruction tendered by appellant, which necessitated such proof to justify recovery, was for this and other reasons properly refused.

The refusal to submit certain interrogatories is next urged.

American Surety Co. *v.* State, ex rel.—50 Ind. App. 475.

Concerning this alleged error, it is sufficient to say that in the main the interrogatories refused called for items of evidence, or related to collateral or immaterial matters, and while some of them might have been properly submitted, their refusal presents no error prejudicial to appellant.

It is urged that the twenty-ninth interrogatory is not sustained by sufficient evidence. This ground of the motion for new trial presents no question.

Lastly, it is urged that the verdict is not sustained by sufficient evidence. This ground of the motion for a new trial is urged solely on the evidence of self-defense. It is insisted that all the evidence shows that Souers did the killing in self-defense.

We cannot agree with this contention. The record of the conviction of Souers in the criminal case was introduced in evidence, and, in addition, there was some evidence from which the jury may have inferred that Souers was not wholly without fault, and that but for his condition resulting from the liquor unlawfully sold to him, when intoxicated, by Brown, or his agent, he (Souers) would never have shot and killed Thomas, who was his brother-in-law.

We find no error in the record, and the judgment is therefore affirmed.

Adams, Myers, Felt, Ibach and Lairy, JJ., concur.

NOTE.—Reported in 98 N. E. 829. See, also, under (1) 31 Cyc. 179; (2) 31 Cyc. 180; (3) 23 Cyc. 320; (4) 31 Cyc. 181; (5) 23 Cyc. 310; (6) 38 Cyc. 1926; (7) 23 Cyc. 324; (8) 1913 Cyc. Ann. 2571; (9) 3 Cyc. 337; 38 Cyc. 1352; (10) 38 Cyc. 1466; (11) 1913 Cyc. Ann. 2572; (12, 13) 23 Cyc. 331; 1913 Cyc. Ann. 2573; (14) 23 Cyc. 331; (15) 23 Cyc. 320, 321; (18) 38 Cyc. 1640; (19) 29 Cyc. 951; (20) 3 Cyc. 348. For a discussion of furnishing liquor as the proximate cause of injury under civil damage acts, see 3 Ann. Cas. 59; 13 Ann. Cas. 200. As to pendency of prior suit in state court as plea in abatement, see 84 Am. Dec. 453. As to pendency of suit in a federal court as plea in abatement in state court, and *vice versa*, see 82 Am. St. 587. As to the liability of a seller of intoxicants for the acts of persons becoming intoxicated see 85 Am. St.

449. Upon the necessity to sustain a recovery under civil damage act, that the intoxication be the proximate cause of the injury, see 13 L. R. A. (N. S.) 1158. As to the competency of a wife to testify as to misconduct of husband in action under civil damage act, see 39 L. R. A. (N. S.) 316. For the wife's right of action at common law against one selling liquor to husband, see 40 L. R. A. (N. S.) 360. The question of the right of action in absence of civil damage act, for injury or death following unlawful sale of liquor is treated in 34 L. R. A. (N. S.) 1036.